UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: ETHICON, INC., POWER MORCELLATOR
PRODUCTS LIABILITY LITIGATION

MDL No. 2652

(This Document Relates to All Cases)

D. Kan. No. 15-md-2652-KHV

## PROTECTIVE ORDER

On December 7, 2015, the undersigned U.S. Magistrate Judge received a jointly proposed protective order from counsel.  The court finds that good cause has been shown under Fed. R. Civ. P. 26(c) to enter this stipulated protective order.

Counsel for Defendants and Plaintiffs (collectively, the "Parties" and each, a "Party") in the above-captioned action have agreed that the Parties and non-parties will be required to produce or disclose in this proceeding certain information and documents that are subject to confidentiality limitations on disclosure under applicable law. Such documents, described in more detail below, include information that is a trade secret or other confidential research, development, or commercial information that is proprietary in nature. Disclosure of such information without reasonable restriction on the use of the information may cause competitive harm, damage, loss, or competitive disadvantage to the Producing Party or nonparty.

Accordingly, the defendants desire entry of an order, and the plaintiffs consent to the terms herein, pursuant to Rule 26(c) to ensure that protection is afforded only to material so entitled and that will address any inadvertent production of documents or

information protected from disclosure by the attorney-client privilege, work-product immunity, or other applicable privilege.

Therefore, the Parties hereby stipulate to the following negotiated terms, subject to the Court's approval, and the Court, for good cause shown and after having an opportunity to discuss this Protective Order with the Parties, hereby ORDERS that the following procedures shall be followed in this proceeding to facilitate the orderly and efficient discovery while minimizing the potential for unauthorized disclosure or use of confidential or proprietary information and documents.

1. **<u>Scope</u>.**

    a.    This Protective Order shall govern all hard copy and electronic materials, the information contained therein, including all copies, excerpts, or compilations thereof, whether revealed in a document, deposition, other testimony, or discovery response, that any party to this proceeding (the "Producing Party" or "Designating Party) produces to any other party (the "Receiving Party") and that the Producing Party designates as confidential under this Protective Order.

    b.    This Protective Order is binding upon all Parties and their counsel in this proceeding, upon all signatories to Exhibit "A", and upon (as applicable) their respective corporate parents, subsidiaries, and affiliates, including their successors, and their respective attorneys, principals, experts, consultants, representatives, directors, officers, employees, and others as set forth in this Protective Order— and upon all signatories to Exhibit "A".

c.      If additional parties are added other than parents, subsidiaries or affiliates of current parties to this litigation, their ability to receive a document protected by this Protective Order will be subject to their being bound, by agreement or Court Order, to this Protective Order.

d.      Third Parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Producing Party for purposes of this Protective Order.

e.      Nothing herein shall be construed as an admission or concession by any Party that designated Confidential Material, or any Document or Information derived from Confidential Material, constitutes material, relevant, or admissible evidence in this matter.

2.      **Definitions.**  In this Order, the terms set forth below shall have the following meanings:

a.      "Proceeding" or "Action" means the above-entitled proceeding.

b.      "Court" means the judges currently assigned to this proceeding or any other judge to which this proceeding may be assigned, including Court staff participating in such proceedings.

c.      "Document" or "Documents" shall have the meaning set out in the Federal Rules of Civil Procedure 34(a) and, for purposes of this order, shall include electronically stored information.

d.      "Testimony" means all depositions, declarations or other pre-trial testimony taken or used in this Proceeding.

3

e.      "Information" means the content of Documents or Testimony, as well as any matter derived therefrom or based thereon.

3.      **Confidential Discovery Material.**  "Confidential Discovery Material," as used herein, means information of any type, kind or character that the Producing Party believes in good faith constitutes, reflects, discloses, or contains information regarding trade secrets (as defined in the Uniform Trade Secrets Act) or other proprietary research, development, manufacturing, commercial or business information.  Without prejudice to the right of a Producing Party to object to the production of the following information or of a party to seek production and/or de-designation, examples of the information that may be alleged to be subject to such designation include but are not limited to the Producing Party's:

a.      Customer names.

b.      Currently proprietary licensing, distribution, marketing, design, development, research and manufacturing information regarding products and medicines, whether previously or currently marketed or under development (not to include disseminated marketing materials or materials that, on its face, was published to the general public).

c.      Personnel records.

d.      Financial information not publicly filed with any federal or state regulatory authorities or not contained within any publicly available quarterly or annual reports.

e.     Private medical information that identifies a person unless such identifying information is redacted.

f.     Information submitted to any governmental or regulatory agency, which information is exempt from public disclosure.

g.     All material, data, and information excerpted from "Confidential Material," to the extent the same are not publicly available or otherwise subject to the exclusions herein.

h.     Specifically excluded from the definition of "Confidential Material" are:

i.     Any Documents, Testimony, or Information that have been, or in the future will be, designated as "not confidential" by order of any court.

i.     "Designating Party" means the Party or non-party that designates Documents, Testimony, or Information as Confidential Material.

j.     "Disclose," "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Documents, Testimony, or any part thereof, or any Information contained therein.

4.     **Designations of Confidential Material.**

a.     <u>Designation of Documents</u>. A Designating Party may designate Documents as Confidential Material by placing a stamp or marking on the Documents stating the following: **CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER, PRODUCED BY [PARTY NAME] IN [NAME OF LITIGATION].** Such markings shall not obscure, alter, or interfere with the legibility of the original document. Documents

5

designated as Confidential Material – Attorney Eyes Only prior to the entry of this Order shall be accorded the same protections, and treated identically as Confidential Material as defined in this Order.

      i.      All copies, duplicates, extracts, excerpts (hereinafter referred to collectively as "copies") of Confidential Material shall be marked with the same confidential stamp or marking as contained on the original, unless the original confidential stamp or marking already appears on the copies.

      b.      <u>Designation of Deposition Transcripts</u>.

      i.      During depositions, Confidential Material may be used or marked as exhibits, but shall remain subject to this Order and may not be shown to the witness unless such witness is a Qualified Person as describe below.

      ii.      If deposition Testimony or exhibits contain or refer to Confidential Material, or if they contain or refer to Documents, Testimony, or Information to be designated as Confidential Material, the Designating Party, by and through counsel, shall either:

      (1)      On the record at the deposition, designate the Testimony or exhibit(s) as Confidential Material or, as applicable, identify already-designated Confidential Material, or

      (2)      No later than thirty (30) days after receiving a copy of the deposition transcript, inform the deposing counsel and counsel for other Parties that the Testimony or exhibit(s) constitute Confidential Material; during the thirty-day period, the entire deposition

testimony, transcript, and exhibits shall be treated as Confidential Material under this Order.

iii.     When a Party designates testimony as Confidential Material during the deposition, counsel for that Party may exclude from the deposition all persons who are not Qualified Persons under this Order.

iv.     When portions of a deposition transcript or its exhibits are designated for protection, each page of the transcript or exhibit pages shall be marked by the Court Reporter with the legend "**CONFIDENTIAL**."

c.     <u>Written Pleadings, Motion Papers, and Discovery Materials</u>. A party may designate as Confidential Material portions of interrogatories and interrogatory answers, responses to requests for admissions and the requests themselves, requests for production of documents and things and responses to such requests, pleadings, motions, affidavits, and briefs that quote, summarize, or contain Confidential Material. To the extent feasible, such Confidential Material shall be prepared in such a manner that it is bound separately from material not entitled to protection.

d.     <u>Designation of Other Confidential Material</u>. With respect to Confidential Material produced in some form other than as described above, including, without limitation, compact discs or DVDs or other tangible items, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "**CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER, PRODUCED BY [PARTY NAME] IN [NAME OF LITIGATION]**". If only portions of the Information or item warrant protection, the

7

Designating Party, to the extent practicable, shall identify the portions that constitute "Confidential Materials."

        e.    With respect to Documents or Information produced or disclosed by a non-party, the non-party may designate the Documents or Information as Confidential Material pursuant to this Order.  A Party so designating material produced by a non-Party shall notify all other Parties within fourteen (14) days of receipt of such Document or Information that the same or portions thereof constitute or contain Confidential Material. In order to avoid disruption of this Court's management of this litigation, transfer to this Court of any motions related to compliance with a FRCP 45 subpoena issued by this Court are encouraged pursuant to FRCP 45(f).

        5.    **<u>Required Treatment of Confidential Material</u>.**

        a.    Except as specifically provided in this Order, counsel shall keep all Confidential Material disclosed or produced to them within their exclusive possession and control, shall take all necessary and prudent measures to maintain the confidentiality of such materials and information, and shall not permit unauthorized dissemination of such materials to anyone.

        b.    Confidential Material shall not be disclosed in any way to anyone for any purpose other than as required for the preparation of trial in this action or other related actions as defined in Paragraph 10, below.

        i.    Nothing in this Order shall preclude a Party from introducing into evidence at an evidentiary hearing any Confidential Material that is admissible under applicable law. The Parties shall meet and confer regarding the procedures for

use of Confidential Material at any evidentiary hearing and shall move the Court for entry of an appropriate order.

c.      Access to and disclosure of Confidential Material shall be limited to those persons designated as Qualified Persons, below. Any Qualified Person who examines any Confidential Material shall not disseminate orally, or by any other means, any protected information other than as permitted by this Order.

d.      Confidential Material shall not be used for any business, competitive or other non-litigation purpose without the express written consent of counsel for the Designating Party or by order of the Court.

i.      Nothing in this Protective Order shall limit any Designating Party's use of its own documents or shall prevent any Designating Party from disclosing its own Confidential Material to any person for any purpose. The other party may move to de-designate other confidential documents that are responsive, or contextual to documents marked confidential that have been made public by the Designating Party.

ii.      Nothing herein shall prevent Plaintiffs from viewing or receiving and retaining copies of their own medical records and from disclosing such medical records to, and sharing them with, their physicians.

iii.      Nothing herein shall prevent Defendants from viewing or retaining copies of medical records of Plaintiffs that are in their possession or control or from disclosing such records to other Qualified Persons, regardless of whether or not the documents have been designated as Confidential Material.

9

iv.      Disclosures described in the above sub-paragraphs shall not affect any confidential designation made pursuant to the terms of this Protective Order so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the designated Information, Testimony, and/or Document.

e.      To avoid security risks inherent in certain current technologies and to facilitate compliance with the terms of this Order, and unless otherwise ordered or agreed upon in writing by the Designating Party whose Confidential Material is at issue, all Qualified Persons (except Court personnel) with access to Confidential Material shall comply with the following:

i.      They shall use secure means to store and transmit Confidential Material.

ii.      Qualified Persons may only store Confidential Material with a reputable service provider who takes reasonable and necessary steps to ensure that the service document storage method they use is secure, including use of a secure domestic document hosting facility that uses encrypted web-enabled software that allows for the secure and protected sharing and collaboration and may not be accessed by individuals who are not authorized to review Confidential Material.

iii.      Notwithstanding the foregoing provision, Qualified Persons, as defined in the following paragraph, shall not be prohibited from transmitting Confidential Material to any other Qualified Person through electronic mail, as attachments to an electronic mail in the form of separate PDF files or zip files,

through secure tools provided by a reputable service provider as described herein, or via FTP file transfer.

6.     **Qualified Persons With Respect to Confidential Material.** Confidential Material may be disclosed only to the following persons (referred to as "Qualified Persons" throughout this Order):

a.     When produced by any defendant in the action: all other defendants, their inside and outside counsel and insurers (any materials provided to an insurer or its counsel shall not be used for any purpose other than evaluation of the claims asserted in this litigation and shall not be used outside the claims asserted in this litigation), as applicable, the defendants' employees (including partners, directors, and officers), and the Plaintiffs, and their attorneys in the action.

b.     When produced by Plaintiffs: all defendants (including partners, directors, officers, and employees of defendants) and their inside and outside counsel and insurers. Any materials provided to an insurer or its counsel shall not be used for any purpose other than evaluation of the claims asserted in this litigation and shall not be used outside the claims asserted in this litigation.

c.     With respect to Qualified Persons encompassed by the preceding two paragraphs (a) and (b), such persons include the attorneys' employees and agents (*e.g.*, outside copy services, organizations involved in organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, and stenographers). Disclosure shall be limited only to those attorneys'

employees and agents who need access to Confidential Material for the purpose of litigation of this action.

        d.     Experts, consultants and case-specific medical professionals ("Consultants") whose assistance is necessary to assist counsel in the preparation of this Proceeding, whether or not the Consultant is designated as an expert and retained to testify, with the following qualifications:

        i.     Disclosure shall not be made to any consultant who, as described in Paragraph 8, is currently employed by or a paid consultant to a competitor of the Designating party and receiving payments during the course of the litigation from a power morcellator competitor and the consultation is regarding a power morcellator, and

        ii.     Disclosure shall not be made to any consultant if counsel for the Party retaining that consultant has actual knowledge that the consultant has been found to have violated the terms of a protective order in any litigation or legal proceeding.

        e.     Any expert to whom disclosure of Confidential Material is authorized must be informed of this Protective Order and must sign a copy of the Non-Disclosure Agreement attached hereto as Exhibit "A."

        f.     A deponent or a witness at a deposition or pre-trial hearing:

        i.     If a Party wishes to disclose Confidential Material to a deponent or witness before or during a deposition or pre-trial hearing, the deponent or witness must be informed of this Protective Order and either sign a copy of the

Non-Disclosure Agreement attached hereto as Exhibit "A," or consent under oath on the record to abide by its provisions, and

      ii.     The Parties agree that this provision does not preclude the Designating Party from objecting to or moving to preclude disclosure to any deponent or witness.

    g.     A person identified in the Confidential Material as an author, source, addressee, or recipient of the communication, or who already has a copy of the Confidential Material.

    h.     Any mediators or arbitrators selected to assist in resolution of this matter, and their personnel who are actively engaged in assisting them.

    i.     The Court or any Court personnel, including any court reporters.

    j.     Any person mutually agreed upon among the Parties, provided that such person has been informed of this Protective Order and has signed a copy of the Non-Disclosure Agreement attached hereto as Exhibit "A."

    7.     **Further Requirements With Respect to Qualified Persons.**

    a.     Before being given access to any Confidential Material, each Qualified Person, other than the Court, the employees and staff of the Court, counsel of record, and the direct employees of counsel of record, and other than as set forth above with respect to those witnesses to whom Confidential Material is disclosed or shown at a deposition or pre-trial hearing as set forth in Paragraph 6(f), shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing to be bound by the terms of this Order by signing a copy of the Non-Disclosure Agreement attached hereto as

Exhibit "A."  Counsel for each Party shall maintain a list of all Qualified Persons to whom they or their client(s) have provided any Confidential Material.

       b.     The witness who is a Qualified Person pursuant to Paragraph 6(f) but who has not signed a copy of the Non-Disclosure Agreement attached hereto as Exhibit "A" may be shown Confidential Material during his or her testimony, but shall not be given a copy of the Confidential Material to keep. Any Confidential Material distributed or disclosed to a Qualified Person who is a signatory of Exhibit "A" shall be returned to the Party's counsel who provided it to the Qualified Person or shall be destroyed at the completion of the Qualified Person's consultation or representation in this case.

       8.    **Non-Disclosure to Competitors.** Notwithstanding the foregoing, without express written consent or court order, in no event shall any disclosure of a defendant's Confidential Material be made to any person who, upon reasonable and good faith inquiry, could be determined to be a current employee of a "Competitor" or a paid consultant receiving payments during the course of the litigation from a power morcellator competitor and the consultation is regarding a power morcellator. In the context of this Proceeding, a "Competitor" shall mean any manufacturer of, or manufacturer involved in the sale of, power morcellators or current employee of such entity.

       9.    **Challenges to Designations.**

       a.     The Designating Party bears the burden of establishing confidentiality.

b.      Nothing in this Order shall constitute a waiver of any Party's right to object to the designation or non-designation of Documents, Testimony, or Information as Confidential Material.

c.      If a Party contends that any Document, Testimony, or Information has been erroneously or improperly designated as Confidential Material, or has been improperly redacted, the material at issue shall be treated as confidential under the terms of this Order until:

i.      the Parties reach a written agreement, or

ii.      this Court issues an order determining that the material is not confidential and shall not be given confidential treatment.

d.      In the event that counsel for a Party receiving Confidential Material in discovery objects to such designation, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Confidential Material (identified by Bates number, if possible) to which each objection pertains, and the reasons and support for such objections (the "Designation Objections").

e.      Counsel for the Designating Party shall have 15 days from receipt of written Designation Objections, pertaining up to 100 documents, to meet and confer in good faith and respond in writing as to whether the designations will be maintained or withdrawn.

f.      If the Parties are unable to resolve the dispute regarding the Designation Objections, the Party challenging the designations may file a motion with the

Court seeking an order to de-designate (*i.e.*, to rule to be not confidential) the Confidential Material subject to the Designation Objections (the "Designation Motion").

        i.       The Designating Party shall have the burden of establishing the applicability of its "confidential" designation.

        10.    **Use of Confidential Material in Court in Pretrial Proceedings.**  The Parties will seek guidance from the Court with mutual intent to honor the protections afforded to Confidential Materials by this Order regarding a procedure for disclosing Confidential Material to the Court in pretrial proceedings. Any Party seeking to file confidential information must first file a motion with the court and be granted leave to file the particular document under seal. *See* D. Kan. Rule 5.4.6(a). The mere designation of information as confidential may not be sufficient to satisfy the court's requirements for filing it under seal in light of the public's qualified right to access to court dockets. *See Stormont-Vail Healthcare, Inc. v. Biomedix Vascular Solutions, Inc.*, No. 11-4093, 2012 WL 884926, at *1 (D. Kan. March 14, 2012). Before filing a motion for leave to file under seal, the parties should consider other steps to prevent the unnecessary disclosure confidential information in court filings such as filing a redacted document or other means short of filing under seal.

        11.    **Redactions.**

        a.       To protect against unauthorized disclosure of Confidential Discovery Material, and to comply with all applicable state and federal laws and regulations, the Producing Party may redact from produced documents, materials and other things, the following items:

i. The names, street addresses, Social Security numbers, tax identification numbers, and other personal identifying information of patients, health care providers, and individuals in clinical studies or adverse event reports. Other general identifying information, however, such as patient or health provider numbers, shall not be redacted unless required by state or federal law, and

ii. The Social Security numbers, tax identification numbers and other personal identifying information of employees in any records.

b. Defendants reserve the right to redact information (including but not limited to proprietary financial material and products unrelated to this litigation) that is not relevant to plaintiffs' claims.

c. Pursuant to 21 C.F.R. §§ 314.430(e) & (f) and 20.63(f), the names of any person or persons reporting adverse experiences of patients and the names of any patients that are not redacted shall be treated as Confidential, regardless of whether the document containing such names is designated as Confidential Material.

d. Notwithstanding any of the foregoing provisions, nothing contained herein shall be construed as a waiver of a party's ability to challenge such redactions pursuant to the procedures set forth in Section 9 herein. The burden as to the propriety of any redaction remains on the Designating Party at all times.

12. **Subpoena by Other Courts or by Agencies.**

a. If another court or an administrative agency requests, subpoenas, or orders the disclosure of Confidential Material from a Party that has obtained such material under the terms of this Order, the Party so requested, subpoenaed, or ordered shall notify

17

the Designating Party by electronic mail transmission, express mail, or overnight delivery to counsel of record for the Designating Party not later than ten (10) days prior to producing or disclosing any Confidential Material, and shall furnish such counsel with a copy of the requests, subpoena, or order. The recipient of the Subpoena shall not disclose any Confidential Material pursuant to the Subpoena prior to the date specified for production on the Subpoena.

b.      Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the request, subpoena, or order, otherwise oppose the disclosure of the Confidential Material, or seek to obtain confidential treatment of such Confidential Material, to the fullest extent available under law, by the person or entity issuing the request, subpoena, or order.

13.      **Disposition of Confidential Material.**

a.      Upon the request of any Party after the final conclusion of this action (including without limitation any appeals and after the time for filing all appellate proceedings has passed), each Party shall destroy all Confidential Material or otherwise shall comply with an applicable order of the Court, subject to the exception described herein.

b.      The destruction of Confidential Material under this paragraph shall include, without limitation, all copies, and duplicates thereof.

c.      The Parties shall certify, within 60 days of receipt of a written request for certification, that all Confidential Material required to be destroyed have been so destroyed.

d.      As an exception to the above requirements, and unless otherwise ordered by the Court, counsel may retain: (a) copies of pleadings or other papers that have been filed with the Court and that are Confidential Material or that reflect, reference, or contain Confidential Material; (b) their work product; and (c) transcripts and exhibits thereto. The terms and provisions of this Order shall continue to apply to any such materials retained by counsel.

14.      **Order Survives Termination of Action.**   After the termination of this action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding. This Order is, and shall be deemed to be, an enforceable agreement between the Parties, their agents, and their attorneys.  Although the Court's jurisdiction, including jurisdiction to enforce this Order, is terminated upon final disposition of the case, any Party may seek leave to reopen the case to enforce its provisions.

15.      **No Waiver of Any Privilege Upon Inadvertent Production.**

a.      The Parties have agreed that, in discovery in this lawsuit, they do not intend to disclose information subject to a claim of attorney-client privilege or attorney work product protection.

i.      This Order does not affect or constitute a waiver of any Party's right to withhold or redact information protected from disclosure by the attorney-client privilege, physician-patient privilege, work product doctrine, or any other applicable privilege, protection, law, or regulation.

ii.      Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), the production or disclosure of any discovery

material that a Party (the "Disclosing Party") thereafter claims should not have been produced or disclosed based on privilege or work product protections ("Inadvertently Disclosed Information"), shall not constitute or be deemed a waiver or forfeiture in whole or in part—in this or any other action— of any claim of attorney-client privilege or work product immunity that the Disclosing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter. As set forth below, such Inadvertently Disclosed material shall be returned to the Producing Party or destroyed upon request.

        iii.     In accordance with the requirements of applicable law or rules of procedure, and unless otherwise agreed by the Parties, with each production of documents the Producing Party shall provide a privilege log as set forth below that identifies any information or documents withheld on the basis of privilege, except for work-product prepared by or at the direction of counsel after the institution of this action for purposes of the litigation and privileged communications with counsel after the institution of this action. Within sixty (60) days after producing documents for an agreed-upon custodian, the Producing Party shall complete its production of documents for that custodian and provide a privilege log. At that time, Ethicon will send a letter to Plaintiffs' co-lead counsel identifying each custodian for which it believes-- to the best of the signatory's knowledge, information, and belief formed after a reasonable inquiry, pursuant to the terms of FRCP 26(g)-- it has completed its document production from data sources identified in the letter and based on the selected search terms and the ESI protocol. The letter will be signed by

an attorney with first-hand knowledge of the production process for that custodian(s). The letter will be sent via email and U.S. Mail and/or Federal Express. By the terms of this paragraph, it is not the intent of the parties to limit or expand what is required of the parties by law.

        iv.      Documents produced prior to the creation of this MDL in individual cases pending before this Court shall be produced in this MDL within one week after the entry of this Protective Order with a corresponding privilege log to be produced fourteen days thereafter.

        b.      **Attorney's Ethical Responsibilities.**  Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows to be privileged and to inform the Disclosing Party that such materials have been produced.  Any party receiving materials that that party knows to be covered by a privilege, shall not copy, distribute, or otherwise use in any manner such materials and shall provide prompt notice of the disclosure to the Producing Party to afford the Producing Party the opportunity to request return of the materials, in accordance with the terms of this paragraph.

        c.      If a Disclosing Party notifies the Receiving Party of Inadvertently Disclosed Information, the Receiving Party shall, within ten (10) court days: (i) return or destroy (or in the case of electronically stored information, delete) all copies of such information (including all notes or other work product of the Receiving Party reflecting the contents of the Inadvertently Disclosed Information) within their possession, custody, or control— and instruct experts, consultants, or others to whom the Inadvertently Disclosed

Information was provided that all copies must be destroyed—and (ii) provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed.

   d. If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party may—within 10 business days of receipt of the notice of disclosure—move the Court for an Order compelling production of the Inadvertently Disclosed Information ("Disclosure Motion"). Such a Disclosure Motion shall be filed or lodged conditionally under seal. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion. On any such Disclosure Motion, the Disclosing Party shall retain the burden of establishing its privilege or work product claims. Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the Inadvertently Disclosed Information.

   e. **Rule 502(b)(2).**  This Order is intended to be controlled by Federal Rule of Evidence 502(d).  The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

  16. **Inadvertent Production or Disclosure of Confidential Material.**

   a. Inadvertent or unintentional disclosure, without the required confidentiality designation, of any Document, Testimony, or Information that the Disclosing Party intended to designate as Confidential Material ("inadvertent production") shall not be deemed a waiver in whole or in part of the producing Party's claim of

confidentiality, either as to specific documents and information disclosed or as to the same or related subject matter. In the event that a Designating Party makes such an inadvertent production, that Party shall promptly inform the receiving Party or Parties in writing of the inadvertent production and the specific material at issue and promptly reproduce the Confidential Material with the required legend.

    b.  Upon receipt of such notice, the receiving Party or Parties shall treat the material identified in the notice as confidential; within ten court days of receiving notice of the inadvertently disclosed Confidential Material the receiving Party shall destroy all copies of such Confidential Material and instruct any parties to whom it has disclosed Confidential Material to destroy all copies of such Confidential Material.

    Dated December 9, 2015.


            s/ James P. O'Hara   
           James P. O'Hara
           U.S. Magistrate Judge

**[CAPTION]**

----------------------------------------------------------X

**[CAPTION]**,
:
                         Plaintiffs,
:    **[CAPTION]**
:
                  -against-
:    **ENDORSEMENT OF PROTECTIVE**
:    **ORDER**

**[CAPTION]**,
:
                        Defendants.
:
:
:
:
:
:
:

----------------------------------------------------------x

## <u>EXHIBIT A</u>

### ENDORSEMENT OF PROTECTIVE ORDER

        I hereby attest to my understanding that information or documents designated as Confidential Discovery Material are provided to me subject to the Protective Order dated _____, 2015 (the "Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and, that I agree to be bound by its terms.  I also understand that my execution of this Endorsement of Protective Order, indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated as Confidential Discovery Material pursuant to the Order.

        I further agree that I shall not disclose to others, except in accord with the Order, any Confidential Discovery Material, in any form whatsoever, and that such Confidential Discovery Material may be used only for the purposes authorized by the Order.

I further agree to return all copies of any Confidential Discovery Material or any document or thing containing Confidential Discovery Material I have received to counsel who provided them to me, or to destroy such materials, upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Discovery Material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure.  I agree to be subject to the jurisdiction of the [_____], for the purposes of any proceedings relating to enforcement of the Order.  I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Agreement, regardless of whether the Order has been entered by the Court.


Date:  _____


By:     _____