UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ETHICON, INC., POWER MORCELLATOR PRODUCTS LIABILITY LITIGATION<br><br>(This Document Relates to All Cases)<br>_____ | )<br>)<br>)   MDL No. 2652<br>)<br>)   D. Kan. No. 15-md-2652-KHV<br>) |

## SCHEDULING ORDER NO. 1

On December 21, 2015, a status and scheduling conference was conducted in this multidistrict litigation ("MDL") by U.S. District Judge Kathryn H. Vratil and U.S. Magistrate Judge James P. O'Hara. Before the conference, via e-mail, counsel submitted to the court their proposed case management order, most aspects of which were stipulated. The parties have filed a joint motion and separate memoranda with regard to the disputed aspects of their case management plan (*see* ECF doc. 75). In consideration of the foregoing, and the statements of counsel during the conference, the court now enters this scheduling order, which is to be read in light of the stipulated order regarding discovery of electronically stored information ("ESI") (ECF doc. 61) and the stipulated protective order (ECF doc. 62), both of which were filed on December 9, 2015. Further, it's anticipated this scheduling order will be supplemented on or shortly after January 6, 2016, when the court conducts its next status conference to consider the parties' proposed orders for discovery in *in extremis* cases, product identification, amendment of pleadings,

disclosures by surgeons and surgical facilities, and pathology preservation (*see* ECF docs. 10 and 63).[1]

**1.     PSC Resignations.**  Rebecca King and Francois Blandeau recently e-mailed letters to the court seeking to resign from the plaintiffs' steering committee ("PSC") on the basis that all of their clients have settled their claims in this MDL.  During the status and scheduling conference, the PSC's co-lead counsel objected to the proposed resignations; defendants have no objections.  By **January 4, 2016**, Ms. King and Mr. Blandeau must file formal motions to resign.  Any responses must be filed by **January 11, 2016**, and any replies must be filed by **January 13, 2016**.

**2.     Service of this Order.**

For cases not currently part of this MDL, defendants must serve a copy of this scheduling order on counsel for any newly added plaintiff within 2 business days of transfer of that plaintiff's case to this MDL.

**3.     Common-Discovery Deadlines.**

---

[1] To be clear, this scheduling order applies to all parties in this MDL, including the KARL STORZ defendants.  On December 22, 2015, the court received a letter from KARL STORZ's counsel, which at one point asked that the order apply to KARL STORZ and at another point asked that it not apply to KARL STORZ.  KARL STORZ complains in the letter that it was not involved in the negotiations between counsel for plaintiffs and Ethicon in proposing case-management deadlines.  However, KARL STORZ was bound by the same deadlines as the other parties for submitting proposed case-management orders and motions to resolve outstanding case-management issues (*see* November 19, 2015 order, ECF doc. 10).  These deadlines passed with KARL STORZ submitting nothing to the court, nor complaining to the court that the other parties were excluding it from joint submissions.  At the scheduling conference held on December 21, 2015, counsel for KARL STORZ remained silent and lodged no objection to any of the deadlines discussed by the court and the other parties.  Because KARL STORZ sat on its hands for more than a month, the court has little sympathy for the concerns raised by counsel's belated December 22, 2015 letter.  KARL STORZ will be bound by this scheduling order, but may submit a motion for specific relief at an appropriate time.

  **a.** Defendants already have produced to the PSC all discovery responses, ESI, and documents produced in all cases transferred to this MDL as of December 15, 2015.

  **b.** By **January 15, 2016**, defendants must serve the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A).  Such disclosures may be MDL-captioned and are <u>not</u> required to be made in each individual action.  Supplementations of these initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e).  Should anything be included in defendants' final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in their initial Rule 26(a)(1)(A) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded under Fed. R. Civ. P. 37(c)(1).

  **c.** By **January 15, 2016**, or within 5 business days of their case being transferred into this MDL, whichever is later, each plaintiff must provide defendants duly executed written authorizations for all known healthcare providers who have treated plaintiffs within three years prior to the subject morcellation procedure, <u>except</u> for psychiatric or mental health providers, social workers, or therapists of that general type (collectively, "mental health providers").  Defendants are not precluded from later requesting such authorizations for any mental health provider who treated a plaintiff within three years prior to the subject morcellation procedure, or subsequent to said procedure; if a meet-and-confer fails to achieve an agreement regarding such request(s), defendants may file a motion to compel production of such authorizations under pertinent law.  Defendants may request such authorizations and file such a motion at any time until **January 31, 2017**.

**d.** By **January 15, 2016**, or within 5 business days of their case being transferred into this MDL, whichever is later, plaintiffs must also produce copies of all medical records in their possession. To the extent additional discoverable healthcare providers are subsequently identified and authorizations for the records of these additional healthcare providers are requested, plaintiffs must provide duly executed written authorizations within 30 days of the authorizations being requested.

**e.** By **January 15, 2016**, or within 30 days of their case being transferred into this MDL, whichever is later, plaintiffs must serve the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A). If not in plaintiffs' counsel's possession at that time, plaintiffs must produce documents supporting economic loss as they reasonably become available. As earlier indicated, supplementations of these initial disclosures must be served at such times and under such circumstances as required by Rule 26(e). Should anything be included in plaintiffs' final disclosures under Rule 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1)(A) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded under Fed. R. Civ. P. 37(c)(1).

**f.** By **February 10, 2016**, the PSC may serve written discovery on defendants, including an initial set of master discovery requests. The parties continue to meet and confer regarding defendants' request to serve common interrogatories and written discovery requests on plaintiffs.

**g.** All common written discovery must be served in time to be completed by **November 1, 2016**. If written discovery requests are served on a date such that the subject discovery cannot be timely completed by this deadline, then the parties must meet

and confer, and make reasonable, good-faith efforts to accommodate such requests before burdening the court with motion practice.

      **h.**    By **January 15, 2016**, plaintiffs must identify the morcellating surgeon in each case.  For cases that join this MDL after the filing of this scheduling order, plaintiffs must identify the morcellating surgeon in each case within 5 business days after the case is transferred into this MDL.

      **i.**    Any party with knowledge must notify all parties where the Ethicon (or KARL STORZ) morcellation device used during the gynecological procedure at issue in an individual plaintiff's case is located within 30 days of a case being transferred into this MDL.  If a party has no knowledge of the location of the morcellator, however, no action is required.

      **j.**    On or after **February 15, 2016**, plaintiffs may commence the deposition(s) of defendants' corporate witness(es) under Fed. R. Civ. P. 30(b)(6).  Plaintiffs must serve all such deposition notices at least 60 days in advance of the scheduled deposition date. All such deposition notices must be served by **May 2, 2016.**  All 30(b)(6) depositions must be completed by **January 31, 2017**.  Unless otherwise stipulated by the parties or ordered by the court, the duration of 30(b)(6) depositions is limited to 7 hours.  If the PSC seeks to examine a 30(b)(6) witness for longer than 7 hours, then the parties must meet and confer, and make reasonable, good-faith efforts to accommodate such requests before burdening the court with motion practice.

      **k.**    By **January 29, 2016**, the parties must meet and confer to determine the identities of those fact witnesses included in defendants' initial Rule 26(a)(1)(A)

disclosures whom plaintiffs wish to depose, mindful that additional fact witnesses may be identified later.  On or after **March 7, 2016**, depositions of defendants' fact witnesses may begin.

**l.** Any additional search terms used to cull collected ESI must be requested by plaintiffs by **April 1, 2016**.  If additional search terms are requested by the PSC after this deadline, then the parties must meet and confer, and make reasonable, good-faith efforts to accommodate such requests before burdening the court with motion practice.

**m.** Any additional custodial files and non-custodial data sources to be produced by defendants must be requested by plaintiffs by **June 1, 2016**.  If additional custodial files and non-custodial data are requested by the PSC after this deadline, then the parties must meet and confer, and make reasonable, good-faith efforts to accommodate such requests before burdening the court with motion practice.

**n.** By **January 31, 2017,** all common fact discovery must be completed (but as earlier indicated, common written discovery must be completed by November 1, 2016).

**4.    Protocol for Common Depositions.**

**a.** Depositions of defendants and of third-parties, and logistical matters related to depositions, must be coordinated by deposition-coordinating counsel for plaintiffs (Andrea Hirsch) and for the Ethicon defendants (James Murdica).

**b.** In addition to the information required by Fed. R. Civ. P. 30(b), each deposition notice must include the name of each deponent, and contact information for deposition-coordinating counsel that will allow interested counsel to obtain information

regarding the deposition. If the deposition is to be videotaped, the notice must state the name, firm, and address of the videographer. If the notice asks the deponent to produce, or if the witness may be asked about, documents that may contain confidential information, the witness must be provided with a copy of the protective order filed in this MDL (ECF doc. 62).

**c.** Counsel noticing a deposition must consult in advance with opposing counsel and proposed deponents in an effort to schedule depositions at mutually convenient times. Unless otherwise agreed to by the parties, depositions may be attended only by counsel for defendants, attorneys designated in advance by the PSC, the deponent, the deponent's attorney, in-house counsel for the parties, court reporters, videographers, and any person who is assisting defendants or the PSC and whose presence is reasonably required by the attorneys attending the deposition.

**d.** Once a deposition has been scheduled, it must not be taken off calendar, postponed, rescheduled, or relocated less than 10 calendar days in advance of the date it is scheduled to occur, except upon agreement of counsel or by leave of court. The parties have agreed production of new documents or ESI relevant to the deposition within 30 days of the scheduled deposition date would constitute good cause to reschedule a deposition.

**e.** If the parties become aware of persons who possess relevant information, but who by reason of age or ill health may become unavailable for deposition, the deposition may be taken as soon as practicable.

**f.** Disputes between the parties should be addressed to this court rather than the U.S. District Court in the district in which the deposition is being conducted. In any event, except as otherwise provided in this scheduling order, all depositions in this MDL are governed by the written guidelines that are available on the court's website:

*http://www.ksd.uscourts.gov/deposition-guidelines/*

**g.** Unless otherwise stipulated by the parties or ordered by the court, the duration of all fact depositions is limited to 7 hours. If the PSC seeks to examine a fact witness for longer than 7 hours, then the parties must meet and confer, and make reasonable, good faith efforts accommodate such requests before burdening the court with motion practice.

**h.** Unless otherwise agreed, depositions of any of the Ethicon defendants' current and former employees who reside or work in the United States will take place at one of the following locations, at such defendants' election: (1) New Jersey, or (b) the district where the witness resides or works. Defense counsel will make reasonable efforts to obtain the agreement of former employees of defendants to appear at the designated locations.

**i.** Depositions may be used under the conditions prescribed in Fed. R. Civ. P. 32(a) or as otherwise permitted by the Federal Rules of Evidence.

**j.** Timing for service of third-party witnesses subpoenaed to produce documents will be governed by the relevant law in the jurisdiction in which the witness resides.

**5.**   **Case-Specific Discovery.**

**a.** Case-specific written discovery of all parties will commence on **March 1, 2016**, but the parties are continuing to meet-and-confer as to the format of case-specific discovery requests and the procedures for serving and responding to such requests. All case-specific written discovery must be served in time to be completed by **January 31, 2017**.

**b.** For each case transferred to this MDL, defendants intend to depose the following fact witnesses: (a) the plaintiff and (b) the surgeon who performed the morcellation. Depositions must be conducted in accordance with the terms set forth below.

**i.** Case-specific discovery for *in extremis* cases will have priority and may commence at any time beginning **January 11, 2016**. Nothing in this scheduling order precludes the parties from expediting discovery for an *in extremis* case as becomes necessary. The parties are continuing to meet and confer about the procedures for discovery in *in extremis* cases and will set forth such procedures in a separate proposal to the court.

**ii.** Unless other otherwise agreed by the PSC, depositions of plaintiffs and the morcellating surgeons in all non-*in extremis* cases will begin **December 1, 2016**. All such depositions must be completed by **January 31, 2017**.

**iii.** The parties will meet and confer as to the timing and procedures for any other depositions that may take place during the case-specific phase of discovery, including sales personnel and/or treating physicians other than the morcellating surgeon, but such depositions must be completed by **January 31, 2017**.

O:\15-2652-KHV_Ethicon\SO1-v2.docx            9

     **c.**     The parties are continuing to meet and confer about the order of questioning at surgeon and healthcare-provider depositions.

     **d.**     Contact with a morcellating surgeon or treating physician for a plaintiff will be governed by the relevant law in the jurisdiction in which the surgeon or physician resides. The parties are continuing to meet and confer as to disclosure requirements, if any, related to such communications.

**6.**    **Written Discovery Procedures.** As relates to all written discovery conducted in this MDL under Fed. R. Civ. P. 33, 34, and 36, if any such discovery is 15 days past due, the non-deficient party must send an e-mail or letter giving notice of the material deficiency to counsel for the deficient party. The deficiency notice must specifically identify the allegedly material deficiency and state that the deficient party has 30 days to cure it. Deficiency notices must not be used to annoy or harass the other party. If the alleged material deficiency is not cured within 30 days from the date of the deficiency notice, or within any extension of that time as agreed to by the parties or by the court, provided the non-deficient party has complied with the letter and spirit of the meet-and-confer requirements of Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the non-deficient party may move for appropriate remedies from the court. The parties and counsel are respectfully reminded in this regard that, under D. Kan. Rule 37.2, a "reasonable effort to confer" means more than sending a letter or e-mail to the opposing party -- it requires that the parties in good faith actually converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so. If issues remain unresolved after the parties have complied with Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, before filing a

discovery-related motion, they are strongly encouraged (but not required) to consider sending a very concise e-mail to Judge O'Hara outlining the problem and asking for a telephone conference. Any remaining disputes may be presented to the court by the aggrieved party filing a combined motion and supporting brief for relief. Unless otherwise ordered for good cause shown, briefs in opposition must be filed within 5 business days of the filing of the underlying motion, and any reply briefs must be filed within 2 business days of the filing of the response; the text of the parties' principal briefs with regard to discovery disputes must be limited to 5 double-spaced pages, with replies limited to 2 double-spaced pages; such filings must use no smaller than 12-point font.

7.  **Expert Discovery, *Daubert* Motions, and Dispositive Motions.**

   a.  By **June 3, 2016**, the parties will meet and confer about what experts they each view as being potentially common experts, in order that each side will have some sense of the common experts the other believes to be relevant. Such meet-and-confer will not limit either side in terms of the experts for which it ultimately serves disclosures under Fed. R. Civ. P. 26(a)(2).

   b.  For all cases transferred to this MDL as of September 1, 2016, as relates to common experts, and all case-specific experts in *in extremis* cases, expert disclosures required by Fed. R. Civ. P. 26(a)(2), including final, complete, signed reports from retained experts, must be served by plaintiffs by **February 6, 2017**, and by defendants by **February 27, 2017**. The parties' expert disclosures must also include at least 2 proposed full-day deposition settings; in any event, each of plaintiffs' experts must be produced for deposition before the corresponding defense expert is deposed. The parties must serve

any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 2 business days after service of the disclosures.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony.  If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.  Expert depositions will commence **March 2, 2017**, and all expert-related discovery must be commenced or served in time to be completed by **April 3, 2017**.  For all cases transferred to or filed in this MDL as of September 1, 2016, all motions to exclude the testimony of common expert witnesses, and experts in *in extremis* cases, pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **April 24, 2017**; responses to such motions must be filed by **May 15, 2017**, and any replies must be filed by **May 30, 2017**.

  **c.**  The court will subsequently determine if there are dispositive motions with significant common effect and/or guidance for the remand courts that should be filed and heard in this MDL; this is presently believed to be unlikely.  But if such motions are filed and heard in this MDL, the parties and counsel are reminded that compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail

to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.  Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good-faith dispute.  The parties should follow the summary-judgment guidelines available on the court's website:

*http://www.ksd.uscourts.gov/summary-judgment/*

**8.** **Rule 1, 26(b), and 26(g) Requirements.**  Especially in light of the time-sensitive nature of many cases within this MDL, the court expects the parties and counsel to efficiently limit the scope of <u>all</u> discovery mindful of the December 1, 2015 proportionality amendments to Rule 26(b)(1).  That is, the parties are entitled to obtain pretrial discovery regarding any nonprivileged matter *provided* it's (a) relevant to a party's claim or defense, <u>AND</u> (b) proportional to the needs of this case.  Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  In this regard, this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g).  Among other

things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it is certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.  If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation.  Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**9.     Discovery Stipulations.**  To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.  *See* Fed. R. Civ. P. 29.  However, this does not apply to extensions of time that interfere with the deadlines to complete discovery, or for the briefing or hearing of a motion.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).  Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.  *See* D. Kan. Rule 26.4(c).

**10.     Comparative Fault.**  In their proposed order concerning amendment of pleadings, the parties are encouraged to include a deadline for any party asserting comparative fault to identify all persons or entities whose fault is to be compared for purposes of Kan. Stat. Ann. § 60-258a (or any other similar comparative-fault statute that might be applicable). If another person or entity is so identified, then the party asserting comparative fault also must specify the nature of the fault which is claimed.

**11.     Status Conferences.**   By noon at least 2 business days before *all* status conferences in this MDL,[2] the parties' lead counsel must confer and then jointly submit to the court a status report and a proposed agenda in a letter e-mailed to: ksd_vratil_chambers@ksd.uscourts.gov and ksd_ohara_chambers@ksd.uscourts.gov. The letter shall be limited to 3, single-spaced pages.

**12.      Merits-Related Briefs.**   The arguments and authorities section of briefs or memoranda submitted in connection with any non-discovery related motions must not exceed 30 pages, absent an order of the court.  *See* D. Kan. Rule 7.1(e).

**13.     Oral Argument.**  Oral argument on motions, whether discovery or merits-related, will be granted only if requested <u>and</u> the court determines it'd be beneficial.  *See* D. Kan. Rule 7.2.

**14.     Tag-Along Application.**  This scheduling order (and all of the court's subsequent orders, both procedural and substantive), and likewise all discovery conducted in this MDL, will apply to all cases that later are consolidated in the MDL docket, including any

---

[2] This is a modification to the 48-hour deadline set in the court's November 19, 2015 order (ECF doc. 10 at 4).

tag-along cases or other cases transferred to this court after the date of this order, <u>unless</u> a party shows good cause to the contrary, by filing a formal motion and supporting brief, within 14 days after the docketing of that case in this court.  The court does not intend to revisit issues that already have been decided just because a newly added party disagrees with the court's reasoning or result.  But the court would entertain motions filed under this show-cause provision if a newly added party demonstrates why its case is distinguishable.  If such a motion is filed, any response must be filed within 14 days of its filing and any reply must be filed within 14 days of the filing of any response.

15. **Alternative Dispute Resolution ("ADR").**  Although some cases in this MDL already have been settled through direct negotiations, it's premature to require mediation or any other form of ADR.  However, the court intends to revisit the issue of ADR at later status conferences.  If participation in an ADR process is ordered later, an ADR report, on the form located on the court's Internet website, must be filed by defense counsel within five days of any scheduled ADR process:

> *http://www.ksd.uscourts.gov/adr-report/*

16. **Professionalism.**  This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public.  Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court.  The *Pillars of Professionalism* are available on this court's website:

> *http://www.ksd.uscourts.gov/pillars-of-professionalism/*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated December 24, 2015, at Kansas City, Kansas.

 s/ Kathryn H. Vratil
Kathryn H. Vratil
U.S. District Judge

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge