UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ETHICON, INC., POWER MORCELLATOR PRODUCTS LIABILITY LITIGATION | MDL No. 2652 |
| (This Document Relates to All Cases) | D. Kan. No. 15-md-2652-KHV |

**CASE MANAGEMENT ORDER NO. ______**

**ESTABLISHING AN ETHICON COMMON BENEFIT FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR COSTS AND EXPENSES INCURRED AND SERVICES PERFORMED FOR MDL ADMINISTRATION AND COMMON BENEFIT**

1. THE COURT FINDS THAT GOOD CAUSE EXISTS to enter an Order that provides for the fair and equitable sharing among plaintiffs in this Multi-District Litigation No. 2652: *In Re: Ethicon, Inc. Power Morcellator Products Liability Litigation* ("MDL 2652") and any other plaintiffs and claimants who are subject to this Order, and their counsel, of the costs and expenses incurred and services performed by attorneys acting at the direction of the Plaintiffs' Co-Lead Counsel ("Co-Lead Counsel") for the common benefit of all such plaintiffs and claimants. Accordingly, the Court issues this Order to establish a monetary fund that will pay for and/or reimburse the expenses and fees for legal services that have been and/or will be incurred at the direction and authorization by Co-Lead Counsel for the common benefit of such plaintiffs and claimants in the event of a judgment in their cases or settlement of their claims. The Court hereby establishes the MDL 2652 Common Benefit Fund ("Fund") for these purposes and pursuant to the limitations of this Order.

2. **Governing Principles: The Common Benefit Doctrine.** This Court has authority under applicable law, the Common Fund doctrine and other principles of equity, and its inherent powers to manage this litigation in an efficient and equitable manner for the benefit of plaintiffs,

to create a common fund from any and all judgments or settlements resulting from this litigation to reimburse the expenses and fees for legal services incurred in the creation of such Fund. The governing principles are derived from the United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough,* 105 U.S. 527 (1881); refined in, *inter alia, Central Railroad & Banking Co. v. Pettus,* 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank,* 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in *inter alia, In re MGM Grand Hotel Fire Litigation*, 660 F. Supp. 522, 525-29 (D. Nev. 1987); and *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 549 F.2d 1006, 1010-21 (5th Cir. 1977).

3. **Establishment of The Fund.** Co-Lead Counsel are hereby directed to establish the Fund, which shall be held through an appropriate depository or financial institution. For accounting purposes, the Fund shall hold both "Expense Funds" and "Legal Fees Funds" derived from contributions of all settlement or judgment proceeds as set forth in Paragraph 5. In establishing the Fund, Co-Lead Counsel shall appoint a neutral third party administrator ("Fund Administrator") of the Fund and will direct the Fund Administrator to establish an insured, interest-bearing account to receive and disburse funds as provided in this Order. The Fund Administrator shall not be a member of the Plaintiffs' Steering Committee ("PSC") and/or otherwise counsel of record for any plaintiff in any pending, resolved or otherwise disposed Participating Case, infra. These funds will be held as funds subject to the discretion of the Court. No party or attorney has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by Order of the Court. These funds will not constitute the separate property of any party or attorney nor be subject to garnishment or

attachment for the debts of any party or attorney except when and as directed to be disbursed as provided by Order of this Court to a specific person. These limitations do not preclude a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the Fund if permitted by applicable state laws and if subject to the conditions and contingencies of this Order, provided, however, that no notice of lien or security interest in said disbursement or of a transfer or assignment of a right of said disbursement shall be effective except upon a filing in this Court or upon notice to the Fund Administrator and the PSC made by certified mail, return receipt requested.

In connection with his or her duties, the Fund Administrator shall:

a) Have all such power and authority over such funds as necessary or convenient to exercise the authority granted herein;

b) Keep and report periodically to Co-Lead Counsel and this Court an accounting of the funds received, maintained and disbursed;

c) Have the authority to instruct the Escrow Agent with respect to permitted investments of said such funds;

d) Make decisions and take action with respect to treatment of such funds for purposes of compliance with the Internal Revenue Code and any applicable local or federal tax codes, including creating, maintaining and reporting such funds and the income, if any, derived therefrom as in a Qualified Settlement Fund (“QSF”) or such other entity as he or she deems appropriate;

e) Out of the assets of the Fund, purchase and maintain reasonable amounts and types of insurance for errors and omissions or fidelity bonds; and

f) Have the authority to procure, upon consultation with and direction of the PSC, professional accounting, legal and other services for the purposes of carrying out the tasks described in this Order, and to be reimbursed for the expenses for such services; and to adopt and implement reasonable procedures consistent with this Order and in consultation with the PSC.

The Fund Administrator shall designate an escrow agent ("Escrow Agent"). The Escrow Agent shall be a commercial bank that: (1) has deposits insured by the Federal Deposit Insurance Corporation; (2) is organized under the laws of The United States of America or any state thereof; and (3) has a total risk-based capital in excess of $2 billion and meets the minimum risk-based rations established under the Federal Deposit Insurance Corporation Improvement Act of 1991. The Escrow Agent may act as a paying agent, depository, custodian, or trustee with respect to the funds it holds.

The Fund Administrator shall consider, in designating an Escrow Agent and in procuring professional services, the charges the Escrow Agent or provider of professional services will impose for its actions and the ability of the Escrow Agent or provider of professional services to undertake the tasks called for with efficiency and responsiveness.

In connection with his or her services, the Fund Administrator shall be entitled to be paid reasonable fees and to be reimbursed for all reasonable expenses when and as approved by the Court and he or she shall submit quarterly statements to this Court, with copies to Co-Lead Counsel. Such quarterly or other statements shall not include or disclose confidential information to any party.

**4. Applicability of Order.** This Order applies to plaintiffs in all cases now pending, or later filed in, transferred to, or removed to, this Court and treated as part of this MDL 2652 for

coordinated proceeding, and to all of their counsel who receive a fee interest in the case, and to all plaintiffs' and claimants' cases maintained by such counsel in accordance with Paragraph 5. Said plaintiffs and claimants and their counsel shall be referred to as a "Participating Case." This Order further applies to all plaintiffs from other non-MDL 2652 proceedings and to all other claimants who voluntarily submit to this Court's jurisdiction or agree to be bound by the terms of this Order in return for the Plaintiffs Steering Committee's work product, and to their counsel. All such plaintiffs and claimants, and their counsel, to whom this Order applies shall also be included and referred to herein as a "Participating Case." Furthermore, all counsel who have a fee interest in any Participating Case shall be referred to herein as "Participating Counsel." Participating Counsel also includes all members of the PSC and Plaintiffs' Liaison Counsel ("Liaison"), and any other plaintiffs' attorneys who have Power Morcellator cases pending against Ethicon, et al. in MDL 2652. With respect to Participating Counsel, all of their power morcellator cases resolved by Ethicon[1] or in which a judgment is entered against Ethicon, whether filed in state court, or not filed, shall be considered a Participating Case, thereby subjecting claimants and all counsel associated to each of those cases to this Order. The Court shall have jurisdiction to assess all Participating Cases, including all such other plaintiffs' and claimants' cases, whether filed or unfiled, that are maintained or held by or associated with any law firm or attorney with at least one ("1") Participating Case.

The Court recognizes the jurisdictional rights and obligations of the state courts to conduct their state court litigation as they so determine and that the state court litigations include counsel who are Participating Counsel. This Order shall not be cited by Participating Counsel in

[1]"Ethicon" includes and is intended to mean the following Defendants: Ethicon, Inc., Ethicon Endo-Surgery, Inc., Johnson & Johnson Services, Johnson & Johnson, Vention Medical Inc. (f/k/a the Medtech Group Inc.), Vention Medical Acquisition Co., and Vention Medical Holdings, Inc.

any other court in support of a position that adversely impacts the jurisdictional rights and obligations of the state courts and state court Participating Counsel.

5. **Assessment.** Each Participating Case in which a judgment is entered or in which a resolution is reached shall be assessed for common benefit work and costs as follows on the gross monetary recovery:

a) If the Judgment is entered or resolution reached on or before January 31, 2016: two (2%) percent of gross monetary recovery for common benefit work;

b) If the Judgment is entered or resolution reached between February 1, 2016 and March 31, 2016: four (4%) percent of gross monetary recovery for common benefit work and two (2%) percent of gross monetary recovery as a cost hold back; and

c) If Judgment is entered or resolution reached on or after April 1, 2016: eight (8%) percent of gross monetary recovery for common benefit work and four (4%) percent of gross monetary recovery as a cost hold back.

The cost hold back portion shall be allocated to pay and/or reimburse the expenses that have been and/or will be incurred at the direction and written authorization by Co-Lead Counsel for the common benefit of Plaintiffs in MDL 2652 ("Expense Funds"). The common benefit work assessment shall be allocated to pay and/or reimburse fees for legal services that have been and/or will be provided by attorneys acting at the direction and written authorization by Co-Lead Counsel for the common benefit of Plaintiffs in MDL 2652 ("Legal Fees Funds"). All expenses and legal services shall be at the direction of and written authorization by Co-Lead Counsel in order to be considered for reimbursement from these funds. The PSC may apply to the Court for an additional common benefit assessment, against all Participating Cases that are pending at the time of such an application, including if additional funds are needed for reimbursement of the

expenses that have been and/or will be incurred at the direction of Co-Lead Counsel for the common benefit of Plaintiffs in MDL 2652, which shall be granted upon a showing of good cause.

6. **Payment to the Fund.** For any and all Participating Cases, Defendants shall deposit directly into the Fund the percentage of the gross monetary recovery as set forth in Paragraph 5 of this Order.[2],[3] Simultaneous with distributing the remaining (non-assessed) monies to Participating Counsel, Defendants shall send a letter to Co-Lead Counsel via U.S. Mail and E-Mail confirming compliance with this Order. In the confirming correspondence, no disclosure shall be made as to the amount or terms of the settlement reached or the amount of the deposit. Any and all information concerning the amount of any deposit into the Fund shall be kept strictly confidential by the neutral Fund Administrator and shall never be disclosed to any member of the PSC and/or any other attorney involved in the Multi-District Litigation (other than the attorneys involved directly in the settled action).[4] No orders of dismissal for any Participating Case shall be filed unless accompanied by a certificate of compliance with this Order. Any plaintiff/claimant or their counsel for a Participating Case may apply to this Court for an alternative manner of payment of the assessment amount.

Co-Lead Counsel shall exercise its reasonable discretion to distribute the Expense Funds in the Trust Account on an ongoing basis, when such funds are present in such account, to pay for and/or reimburse the expenses that have been and/or will be included at the direction and

---

[2]If payment is due to Participating Counsel prior to the creation of the Fund, Defendants shall serve written notice to Co-Lead Counsel of the existence of said pending payment and hold the Assessment amount as set forth in Paragraph 5 of this Order until the creation of the Fund. Once Defendants is notified in writing of the creation of the Fund, it shall deposit the held payments into the Fund within 10 days.

[3]If there is disagreement on whether a case is a Participating Case, Defendants shall hold the entire Gross Monetary Recovery until such disagreement is resolved by the Parties.

[4]If by inadvertence an Assessment is not paid directly into the Fund by Defendants, and the full settlement amount is mistakenly paid to the plaintiff's counsel directly involved in settlement of the Participating Case, that plaintiff's counsel in receipt of the funds is directed to withhold the Assessment from amounts paid and is responsible to pay the Assessment into the Fund directly.

written authorization by Co-Lead Counsel for the common benefit of Plaintiffs in MDL 2652. If any of the Expense Funds remain in the Fund after all of the Participating Cases have been resolved and dismissed, such remaining funds shall be reimbursed on a *pro rata* basis to all plaintiffs and claimants that paid a common benefit assessment, minus any reasonable administrative fees paid. Co-Lead counsel will provide the Court with an accounting, under seal, of the Expense Fund in the Trust Account upon request of the Court.

7. **Distribution of Legal Fees Fund.** Co-Lead Counsel shall apply to the Court at an appropriate time for the Court's permission to distribute the Legal Fees Funds in the Trust Account and the manner in which to distribute them. The Legal Fees Funds shall not be distributed without a Court Order expressly permitting such a distribution. Participating Counsel are eligible for reimbursement for time and efforts expended for common benefit work, if said time and efforts are pursuant to Exhibit 1 of this Order, which exhibit is fully incorporated into this Order, and: (a) for the common benefit; (b) were at the direction of and written authorization by Co-Lead Counsel; and (c) ultimately approved by the Court. Participating Counsel shall maintain appropriate documentation and records of their time and expenses as set forth in the guidelines attached hereto as Exhibit 1. Co-Lead Counsel may develop and circulate to Participating Counsel additional guidelines and criteria for time and expenses that are eligible for compensation from the Fund.

8. **Accounting.** Co-Lead Counsel shall maintain in MDL 2652 a periodic accounting of the aggregate common benefit lodestar incurred as potential claims against the Fund (including the Expense Funds and Legal Fees Funds) and the expenses that have been incurred for the common benefit of all Plaintiffs in this proceeding. The periodic accounting shall be maintained as part of the joint prosecution of the Participating Cases and constitute Plaintiffs' work product.

Reasonable work required to maintain the MDL 2652 accounting will be compensable as common benefit work, so long as it meets the criteria set forth in this Order and Exhibit 1.

9. There will be no requirement for the Participating Cases included in MDL 2652 or cases that are subject to this Order to pay a common benefit assessment in any other state or federal coordinated proceeding or comply with any assessment order in such litigations. Further, in the event of global settlement or settlement program in which the PSC accepts additional responsibilities beyond those described herein and/or Defendants agree to pay to the PSC fees and expenses for settlement purposes, such fees are beyond the scope of those set forth in this Order.

IT IS SO ORDERED:

Date: ____________, 2016, at Kansas City, Kansas.

____________________________
Kathryn H. Vratil
U.S. District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ETHICON, INC., POWER MORCELLATOR PRODUCTS LIABILITY LITIGATION | MDL No. 2652 |
| (This Document Relates to All Cases) | D. Kan. No. 15-md-2652-KHV |

**EXHIBIT 1 TO CASE MANAGEMENT ORDER NO. ___**

**ESTABLISHING ETHICON COMMON BENEFIT FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR COSTS AND EXPENSES INCURRED AND SERVICES PERFORMED FOR MDL ADMINISTRATION AND COMMON BENEFIT**

Below are guidelines regarding the submission and compensability of common benefit time and expenses. The recovery of common benefit attorneys' fees and cost reimbursements will be limited to Eligible Counsel, as defined herein. "Eligible Counsel" for the purposes of these guidelines shall be defined as the Court-appointed Plaintiffs' Steering Committee (along with members of their firms and their staff) and any other counsel authorized by the Plaintiffs' Co-Lead Counsel ("Co-Lead Counsel") who desire to be considered for common benefit compensation.

Eligible Counsel shall only be eligible to receive common benefit attorneys' fees and cost reimbursement if the time expended, costs incurred and activity in question were: (a) for the common benefit; (b) at the direction of and appropriately authorized by Co-Lead Counsel in accordance with the Court's Order regarding common benefit; (c) timely submitted; and (d) approved by this Court. Eligible Counsel who seek to recover Court-awarded common benefit attorneys' fees and expenses in connection with this litigation, should the litigation result in any monetary award from which common benefit fees and expenses can be awarded, shall keep a daily contemporaneous record of their time and expenses, noting with specificity the amount of

time, location (if relevant), and particular activity along with confirmation that authority was obtained to have undertaken that common benefit effort. Such counsel shall, by the 15th day of each month, submit to Co-Lead Counsel a report of their time and expense records as noted above for the preceding monthly period in the attached format (see Exhibit "A"). The submission shall be timely e-mailed each month to:

| | |
|---|---|
| Aimee H. Wagstaff | Paul J. Pennock |
| Aimee.wagstaff@andruswagstaff.com | PPennock@weitzlux.com |
| Kellie.johnson@andruswagstaff.com | JFarrell@weitzlux.com |

For example, February 15 of a particular year is the deadline to submit common benefit time and expenses for January of that year. The first submission deadline is March 15, 2016, and that submission shall include all common benefit time and expenses incurred prior to February 29, 2016. Following that initial submission, the deadline will remain the 15th day of each month. The failure to secure Co-Lead Counsel authority to incur common benefit time and expenses, or maintain and timely provide such records or to provide a sufficient description of the activity will be grounds for denying the recovery of attorneys' fees or expenses in whole or in part. It is the sole responsibility of the Eligible Counsel submitting time to comply with these guidelines.

The Court has final, non-appealable authority regarding the award of common benefit attorney fees and awards for cost reimbursements in this matter. By submitting time and expenses for reimbursement, Eligible Counsel knowingly and expressly waive any right to appeal those decisions, assert the lack of enforceability of this Order, or to otherwise challenge its adequacy. This agreement will be confirmed in writing with each month's time and expense

submission. Any person who objects to the requirements of this Order must make objections within 14 days of completing the work contended to be for common benefit.

At an appropriate time, Co-Lead Counsel shall collect submissions from all attorneys seeking common benefit fees and expenses, and who properly and timely submitted reports of their time and expense records, as noted herein, and shall thereafter recommend to the Court an allocation of common benefit fees and expense reimbursements among those participating attorneys who submitted applications for such costs and fees. This recommendation will be submitted to the Court for review, consideration and a final non-appealable determination.

**EXPENSE LIMITATIONS**

**A. Travel Held Expense Limitations**

Only reasonable expenses will be reimbursed for travel related to common benefit matters performed at the direction of and authorized by Co-Lead Counsel. Except in extraordinary circumstances approved by Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

i. Airfare. Ordinarily only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed, except for international flights or cross-country flights, which requires prior written approval by Co-Lead Counsel. In the event non-coach air travel is utilized, the attorney shall be reimbursed only to the extent of the full coach fare if the full coach fare for that flight is contemporaneously documented. If non-coach, private or charter travel is elected, the applicant is required to submit what the full coach fare in effect at that time was, and that is all that can be reimbursed.

ii. Hotel. Hotel room charges for the average available room rate of a business hotel, including the Hyatt, Hilton, Intercontinental Sheraton, Westin, and Marriot hotels, in the city in which the stay occurred will be reimbursed. Luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

iii. Meals. Meal expenses must be reasonable and receipts must identify the individual(s) for whom the meal reimbursement is requested.

iv. Cash Expenses. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, etc.) will be reimbursed up to $30.00 per trip, as long as the expenses are properly itemized.

v. Rental Automobiles. Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel.

vi. Mileage. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, reason for the trip, and the rate will be the maximum rate allowed by the IRS.

**B. Non-Travel Held Expense Limitations**

i. Shipping, Overnight, Courier, and Delivery Charges. All claimed common benefit shipping, overnight, courier or delivery expenses must be documented with bills

showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

ii. Postage Charges. A contemporaneous postage log or other supporting documentation along with reference to the common benefit purpose must be maintained and submitted for common benefit postage charges. Such charges are to be reported at actual cost.

iii. Telefax Charges. Contemporaneous records should be maintained and submitted showing faxes sent and received for common benefit matters. The per-fax charge shall not exceed 50¢ per page.

iv. In-House Photocopy. A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 15¢ per page.

v. Computerized Research - Lexis/Westlaw. Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged the firm and appropriately allocated for these research services. It is preferred that each firm track contemporaneously its computerized research work and charges in a manner that will identify the common benefit work, project, brief, and/or assignment associated with that computerized research work to any independent reviewer. Such work and expenses must be at the direction of and authorized by Co-Lead Counsel.

**C. Common Shared Expenses**

Common shared expenses including expenses paid to third party vendors, experts and consultants and other such expenses may not be reimbursed unless they have been incurred at the

direction of, and authorized by Co-Lead Counsel. Co-Lead Counsel, at their discretion, may maintain a separate cost assessment fund for payment and reimbursement of such expenses, and may prepare separate guidelines and processes for incurring and paying costs from such fund at their discretion.

**D. Verification**

The forms detailing expenses shall be certified by a Plaintiffs' Steering Committee member or a senior partner in each firm attesting to the accuracy of the submissions. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification so long as accompanied by an appropriate description and a declaration under oath from counsel that work was performed and paid for the common benefit. Monthly credit card statements are appropriate if they provide sufficient itemized detail to comply with these guidelines and the Court's Order. Hotel costs must be proven with the full hotel invoice. The description of unclaimed expenses on the invoice may be redacted.

**COMMON BENEFIT WORK**

**A. Authorization for Compensable Common Benefit Work**

Authorized Common Benefit Work must be at the direction of and authorized by a Co-Lead Counsel. Unless specifically and explicitly authorized in writing, no time spent on developing or processing individual issues in any case for an individual client (plaintiff or claimant) will be considered or should be submitted, nor will time spent on any unauthorized work. There is a presumption that only one participant per firm will qualify for common benefit time, unless previously authorized by Co-Lead Counsel.

Examples of authorized work that generally would be authorized by Co-Lead Counsel and examples of what would be considered unauthorized work include but are not limited to:

i. Depositions. If not designated as one of the authorized questioners or otherwise authorized to attend the deposition by Co-Lead Counsel, your time and expenses shall not be considered common benefit work.

ii. Periodic General MDL PSC Conference Calls. These calls may be held from time to time so that individual attorneys are kept up-to-date on the status of the litigation, and participation by merely listening to such calls is not common benefit work. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and that is a reason to listen in on those calls. On the other hand, if you lead, or participate in the call by designation of the Co-Lead Counsel, then you are working for the common benefit consistent with your leadership responsibilities by keeping other lawyers and pro se plaintiffs informed and educated about the litigation, and therefore your time will be considered for common benefit.

iii. Periodic Status Conferences. Regular status conferences are held so that the litigation continues to move forward and legal issues are resolved with the Court. Individual attorneys are free to attend any status conference held in open court in order to keep up-to-date on the status of the litigation and participation, but attending and listening to such conferences is not common benefit work in and of itself. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients. Mere attendance at a status conference will not be considered a common benefit expense or common benefit time. The attorneys designated by Co-Lead Counsel to address issues that will be raised at a given status conference or requested by Co-Lead Counsel to be present

at a status conference are working for the common benefit and their time will be considered for common benefit. Similarly, any attorney whose attendance at a status conference is specifically requested by the Judge in that case may submit their time for evaluation as to whether such time shall be considered common benefit time.

iv. Committee Meetings or Calls. During committee phone calls or other meetings there is a presumption that only one participant per firm will qualify for common benefit time, unless otherwise authorized by Co-Lead Counsel.

v. Identification and Work Up of Experts. Eligible Counsel are encouraged to identify experts in consultation with Co-Lead Counsel. If Eligible Counsel travels to and retains an expert without the knowledge and approval of Co-Lead Counsel, they understand that their time and expenses may not be eligible for common benefit expenses/work.

vi. Attendance at Seminars. Attendance at seminars (i.e. AAJ Section Meetings, Mass Tort Made Perfect, Harris Martin and similar seminars and CLE) does not qualify as common benefit work or a common benefit expense unless making presentations authorized by Co-Lead Counsel. Although time spent attending PSC meetings at such seminars may be compensable, travel time and costs to and from seminars are not compensable unless separately approved by Co-Lead Counsel.

vii. Document Review. Only document review specifically authorized by Co-Lead Counsel and assigned to an attorney will be considered common benefit work. If an attorney elects to review documents that have not been assigned to that

attorney by Co-Lead Counsel, that review is not considered common benefit. Except in extraordinary circumstances, approved in writing by Co-Lead Counsel, only licensed attorneys may conduct common benefit document review. Descriptions associated with "document review" must contain sufficient detail to allow those reviewing the time entry to generally ascertain what was reviewed. For example, indicating the custodian, search query subject matters or number of document folders reviewed is the kind of description needed. If the document vendor retained for the case provides any report to Eligible Counsel about the time and/or substance of the document review work done, Eligible Counsel should bring any discrepancy to the attention of Co-Lead Counsel or its designee within thirty days of receipt of such report. Failure to timely bring any claimed discrepancy to the attention will result in the compensable document review time being presumptively deemed that which was provided by the vendor.

viii. Review of Pleadings and Orders. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of pleadings and orders is part of that obligation. Only those attorneys designated by Co-Lead Counsel to review or summarize those pleadings or orders for the MDL are working for the common benefit and their time will be considered for common benefit. All other counsel are reviewing those pleadings and orders for their own benefit and the benefit of their own clients, and the review is not considered common benefit.

ix. Emails. Time recorded for reviewing emails, and providing non-substantive responses, generally is not compensable unless germane to a specific task being

performed by the receiving or sending attorney or party that is directly related to that email. Thus, for example, review of an email sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review emails to a larger group which involves a matter on which the recipient is not directly and immediately working.

x. Review of Discovery Responses. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review discovery responses served in this litigation. Only those attorneys designated by Co-Lead Counsel to review and summarize those discovery responses for the MDL are working for the common benefit and their time will be considered for common benefit. All other counsel are reviewing those discovery responses for their own benefit and the benefit of their own clients, and the review is not considered common benefit.

xi. Other Jurisdictions. Time spent on litigating Ethicon Power Morcellator cases and coordination in other jurisdictions other than MDL 2652 will not be compensated unless specifically authorized in writing by both Co-Lead Counsel.

xii. Bellwether Trials. While the work-up of individual cases is not considered common benefit, in the event that a case is selected as part of a Co-Lead Counsel bellwether trial process in the MDL or participating state court proceedings, the time and expenses in trying the case (including work authorized by Co-Lead Counsel as part of the approved bellwether process) may be considered for

common benefit to the extent it complies with the other provisions of this Order and these guidelines. In the event Plaintiffs' Counsel are unsure if the action they are about to undertake is considered a common benefit action, counsel shall ask Co-Lead counsel in writing in advance as to whether such time may be compensable.

**B. <u>Time Keeping and Submission of Time Records</u>**

All time must be authorized and accurately and contemporaneously maintained. Time shall be kept according to these guidelines as noted herein using the forms attached as Exhibit A. Time submission is limited to attorneys and paralegals who are employees of the law firm submitting time; no submission of time or costs for independent contractors or outside clerical or technical support without prior written approval by both Co-Lead Counsel. Eligible Counsel shall keep a daily record of their time spent in connection with common benefit work on this litigation, indicating with specificity the hours, location (if relevant) and particular activity (such as "conducted deposition of John Doe."). Time entries that are not sufficiently detailed may not be considered for common benefit payments. All common benefit work time for each firm shall be maintained in a tenth-of-an-hour increment.