UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: ETHICON, INC., POWER MORCELLATOR
PRODUCTS LIABILITY LITIGATION

MDL No. 2652

(This Document Relates to All Cases)

D. Kan. No. 15-md-2652-KHV

**ORDER REGARDING DISCOVERY FOR
PLAINTIFFS WHO ARE *IN EXTREMIS***

On January 4, 2016, as contemplated by Scheduling Order No. 1 in this MDL proceeding (*see* ECF doc. 80, pp. 1-2, 9, and 11-12), U.S. District Judge Kathryn H. Vratil and U.S. Magistrate Judge James P. O'Hara received a jointly proposed order to govern discovery for plaintiffs who are *in extremis*. By stipulating to the order, the parties agreed to be bound by its terms and to request entry by the presiding district or magistrate judge. As discussed during a status conference with counsel on January 6, 2016, the court finds good cause to enter the proposed order, with some minor modifications.

1. Case-specific discovery for *in extremis* cases has priority and may commence at any time on or after January 11, 2016, unless good cause indicates it should commence sooner. Nothing in this order precludes the parties from expediting discovery for an *in extremis* case as becomes necessary.

2. A person will be considered *"in extremis"* when she is expected to reach, within the next twelve months, a state or condition of difficulty in testifying competently in a deposition or being no longer capable of testifying competently in a

deposition and is unlikely to recover sufficiently to provide competent testimony at a later date.

3.  Counsel must give notice to opposing lead counsel as soon as possible upon learning of a plaintiff's or witness's *in extremis* condition. The notice must be made in writing as to the nature of the person's *in extremis* condition and her competency to testify. If the person in question is a plaintiff, the notice must be accompanied by a letter from the treating physician briefly describing the plaintiff's condition. The notice also must contain a suggested date, time, and location for the person's *in extremis* deposition.

4.  Within 5 calendar days of receiving such notice, counsel receiving notice must inform noticing counsel whether or not there is agreement on the need to take the deposition. If there is no agreement, counsel must jointly bring the dispute to the attention of this court as soon as reasonably possible.

5.  Upon receiving notice of a plaintiff's or a witness's *in extremis* condition and competency to testify, and once agreement is reached that a deposition will be taken, the parties must meet and confer in good faith to confirm the date, time, and location of the deposition. Counsel who elects to take the deposition is responsible for securing and providing a court reporter and, if desired, a videographer for the deposition.

6.  For all *in extremis* plaintiffs, defendants are first entitled to a discovery deposition not to exceed seven hours. Thereafter, a preservation deposition not to exceed seven hours will be held. The depositions will be scheduled on sequential days, to the

extent feasible. Nothing in this order prevents the parties from seeking a second preservation deposition should previously undisclosed, relevant evidence be identified at the discovery deposition, to allow the parties to obtain such evidence prior to the preservation deposition.

7.     If possible, the deposition must be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at trial. Unless physically unable, the deponent must be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed.

8.     Within 10 calendar days of providing the notice, plaintiff's counsel must provide to defense counsel all medical and pharmacy records in their possession, as well as current signed medical authorizations, to the extent that those documents and records have not previously been produced in this litigation. In those cases where medical records and documents have been produced, plaintiff's counsel must provide any new medical or pharmacy records in his or her possession.

9.     Within 30 days of an *in extremis* plaintiff's deposition, plaintiffs must provide two dates for deposing the morcellating surgeon, with such dates not more than 90 days later. Defendants must notify plaintiffs within 5 business days which date has been selected and that date will be a final date, unless a surgeon's schedule requires a change.

10.    For all *in extremis* cases in MDL 2652 as of the date of this order, all other depositions and fact discovery must be completed by **October 27, 2016**. For *in extremis*

cases transferred to MDL 2652 after the filing of this order and prior to July 31, 2016, all depositions and fact discovery must be completed by **May 31, 2017**. For *in extremis* cases transferred to MDL 2652 after July 31, 2016, the parties must meet and confer and then seek the court's guidance regarding deadlines for these later-filed cases.

11. As soon as practicable after providing notice, noticing counsel must provide to receiving counsel all medical information in his or her possession about the witness's condition (except if protected by privacy laws) and must cooperate with receiving counsel to obtain as much current, accurate information as possible about the witness's physical and mental condition.

12. Should defense counsel encounter difficulty in timely securing medical and pharmacy records before a plaintiff's deposition, plaintiff's counsel must, upon request, provide reasonable assistance to defense counsel in securing such records.

13. If plaintiff's counsel follows the procedures set forth in this order, plaintiff's counsel need not notice an emergency hearing in order to proceed with a plaintiff's *in extremis* deposition. Should the non-noticing party have a good-faith objection to the deposition, however, counsel may notify opposing counsel and the court in writing of their objection and request immediate assistance in either resolving the dispute or presenting the matter to Judge O'Hara as quickly as possible.

14. Any objections must be brought to the court's attention as soon as practicable, but in any event at least 2 business days before the plaintiff's deposition is

noticed to proceed. If the objection(s) are overruled, the deposition will proceed at the date, time, and location at which it was initially noticed.

15. This order does not create additional obligations on the part of any counsel to these proceedings to monitor the health and well-being of the plaintiffs or witnesses in these proceedings, beyond those imposed by the ethical and professional obligations assumed by all counsel anytime they agree to participate in litigation. Nor does this order create any obligation linked to constructive notice, but is triggered only when actual notice occurs.

IT IS SO ORDERED.

Dated January 7, 2016, at Kansas City, Kansas.

                                                  s/ James P. O"Hara
                                                 James P. O'Hara
                                                 U.S. Magistrate Judge