UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ETHICON, INC., POWER MORCELLATOR PRODUCTS LIABILITY LITIGATION | MDL No. 2652 |
| (This Document Relates to All Cases) | D. Kan. No. 15-md-2652-KHV |

ORDER REGARDING
AMENDMENT OF PLEADINGS

On January 4, 2016, as contemplated by Scheduling Order No. 1 in this MDL proceeding (*see* ECF doc. 80, pp. 1-2), U.S. District Judge Kathryn H. Vratil and U.S. Magistrate Judge James P. O'Hara received a jointly proposed order from the parties' attorneys of record to govern the amendment of pleadings.  By stipulating to the order, the parties agreed to be bound by its terms and to request entry by the presiding district or magistrate judge.  As discussed during a status conference with counsel on January 6, 2016, the court finds good cause to enter the proposed order, with some minor modifications.

I.   SCOPE

Upon entry of this order, it will apply to all current and future actions in MDL 2652.

II.  AMENDMENT OF PLEADINGS AS A MATTER OF COURSE IN MATTERS CURRENTLY PENDING IN MDL 2652

In cases already transferred to MDL 2652 as of the filing of this order, plaintiffs may amend their pleadings once as a matter of course, without seeking leave of court,

within 30 days of the filing of this order, except that this provision does not apply to *Shafer v. Ethicon, Inc.*, D. Kan. Case No. 14-2633, in which a motion to dismiss is pending.[1]

### III. AMENDMENT OF PLEADINGS AS A MATTER OF COURSE IN MATTERS TRANSFERRED TO MDL 2652 AFTER THE FILING OF THIS ORDER

In cases transferred to MDL 2652 after the filing of this order, plaintiffs may amend their pleadings once as a matter of course within 30 days of the date of transfer to MDL 2652.

### IV. REMAND OF AMENDED PLEADINGS

If a plaintiff's amendment of pleadings renders a case inappropriate for inclusion in MDL 2652, this court will recommend that the Judicial Panel on Multidistrict Litigation remand such a case to the transferor court.

### V. COMPARATIVE-FAULT DESIGNATIONS

To the extent required by Kan. Stat. Ann. § 60-258a (or any other similar comparative-fault statute applicable to a case in this MDL), defendants must timely identify and designate any parties and/or non-parties to which they intend to assign or compare fault at trial for the damages alleged in a complaint. If another person or entity is so identified, then the party asserting comparative fault also must specify the nature of the fault which is claimed. In this regard, the following deadlines apply:

---

[1] This paragraph does not preclude the plaintiffs in *Shafer* from filing a motion to amend their complaint under Fed. R. Civ. P. 15(a)(2).

O:\15-2652-KHV_Ethicon\O-AmendmentOfPleadingsV2.docx

(1)     By **December 1, 2016,** or within 30 days of the completion of the deposition of the morcellating surgeon—whichever is later—for all cases in MDL 2652 as of the date of this order;

(2)     By **June 1, 201**7, or within 30 days of the completion of the deposition of the morcellating surgeon—whichever is later—for cases transferred to MDL 2652 after the date of this order but before July 31, 2016;

(3)     By a date yet to be determined for cases transferred to MDL 2652 after July 31, 2016, the parties will meet and confer and seek the court's guidance regarding deadlines for these later-filed cases.

For cases in which comparative-fault designations are made, plaintiffs may amend their pleadings as a matter of course only to add parties named in comparative-fault designations within 30 days of the date of any such comparative-fault designation.

## VI.     ABSOLUTE DEADLINE FOR AMENDMENT OF PLEADINGS[2]

All motions in this MDL to amend the pleadings, regardless of whether by a plaintiff or defendant, whether to amend claims or defenses or to change parties, and whether as a matter of course or otherwise, must in any event be filed 30 days before remand of the cases to the transferor courts.

IT IS SO ORDERED.

---

[2] This deadline was not contained in the parties' jointly proposed order. But it was discussed during the status conference with counsel on January 6, 2016. That is, while Fed. R. Civ. P. 16(b)(3)(B) describes what *may* be contained in a scheduling order, under Fed. R. Civ. P. 16(b)(3)(A) a scheduling order *must* limit the time to join other parties, *amend the pleadings*, complete discovery, and file motions.

O:\15-2652-KHV_Ethicon\O-AmendmentOfPleadingsV2.docx

Dated January 7, 2016, at Kansas City, Kansas.

                                       s/ James P. O'Hara
                                       James P. O'Hara
                                       U.S. Magistrate Judge