UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: ETHICON, INC., POWER MORCELLATOR
PRODUCTS LIABILITY LITIGATION

MDL No. 2652

(This Order Relates to All Cases)   Case No. 15-md-2652-KHV

_____

# ORDER

On February 10, 2016, U.S. District Judge Kathryn H. Vratil and U.S. Magistrate Judge James P. O'Hara conducted a status conference in this multidistrict litigation ("MDL"). In preparation for the conference, counsel jointly submitted a status report via letter dated February 8, 2016. This order memorializes rulings made during the conference and sets forth additional procedures for the management of this MDL.

1. In lieu of a previously contemplated case-specific surgeons and facilities disclosure order,[1] plaintiffs and the Ethicon defendants have agreed on a uniform Defendant Fact Sheet ("DFS"), in the form attached to this order as Exhibit 1. Per the parties' stipulation and joint request, the DFS is approved and must be used in this MDL. Counsel reported, however, there are some disputes about certain aspects of additional case-specific discovery plaintiffs intend to seek from the Ethicon defendants. But since none of the parties see any pressing need for the court to resolve those disputes now, the court will refrain from setting a deadline to file motions in this regard.

---

[1] See ECF doc. 80 at 1-2, and ECF doc. 103 at 1.

2. The parties report that, with the exception of social media information described below, they have agreed on uniform sets of interrogatories and document requests which the Ethicon defendants will serve on plaintiffs in each individual case. Copies of those interrogatories and document requests are attached as Exhibits 2 and 3, respectively, and are approved by the court for use in this MDL. The parties also have agreed on a separate, combined set of damages-related interrogatories and document requests which will be served on each plaintiff. A copy of this set of discovery requests is attached to this order as Exhibit 4, and is approved by the court for use in this MDL. The parties have yet to reach agreement about Interrogatory No. 18 (*see* p. 5 of Exhibit 2) and Document Request No. 20 (*see* p. 3 of Exhibit 3), both of which deal with information published or maintained by plaintiffs on the Internet (such as in Facebook and Instagram posts). If the parties are unable to resolve this dispute after further conference, then by **February 23, 2016**, they must file a joint motion, limited to ten double-spaced pages, asking the court to resolve the dispute. The motion must cite caselaw addressing the relevance and privacy concerns raised by plaintiffs; address why any privacy concerns can or cannot be alleviated by application of the protective order in this MDL (ECF doc. 62); and discuss the cost of any vendor identified to help efficiently gather and produce the requested discovery. The parties must attach to the motion the version of the interrogatory and document request that each side proposes, along with a red-lined comparison of the competing versions.

3. The parties report that generally they have resolved issues concerning the previously contemplated common discovery requests to be served by defendants on the plaintiffs' steering committee ("PSC"), i.e., by incorporating that common discovery into the uniform discovery requests to be answered by each plaintiff, as evidenced in Exhibits 2, 3, and 4 to this order. There remains, however, a dispute regarding one proposed request to the PSC. If the parties are unable to resolve this dispute after further conference, then by **February 23, 2016**, they must file a joint motion, limited to five double-spaced pages, asking the court to resolve the dispute. The parties must attach to the motion the version of the discovery request that each side proposes, along with a red-lined comparison of the competing versions.

4. The parties report they are still attempting to reach agreement on a proposed healthcare provider order that addresses *ex parte* contacts and depositions. If the parties are unable to resolve this dispute after further conference, then by **February 23, 2016**, they must file a joint motion, limited to twenty double-spaced pages, asking the court to resolve the dispute. Also by **February 23, 2016**, for the applicable states whose law on this matter the parties agree upon, the parties must file a joint submission briefly stating their agreed understanding of that law.

5. The parties and the court discussed who is permitted to attend *in extremis* depositions. At the conclusion of the discussion, the parties agreed that the protocol for

"common" depositions that was set forth in Scheduling Order No. 1 should apply here, and it is so ordered.[2]

6.	The status conference previously scheduled for March 4, 2016, at 9:00 a.m.[3] is cancelled, as jointly requested by the parties. However, the court may reschedule it at a later date if the court determines meeting would be useful to address any problems that arise as the parties negotiate a new proposed common benefit order. The **March 30, 2016** status conference will be held as previously scheduled. The court reminds the parties that by noon at least two business days before all status conferences, the parties' lead counsel must confer and then jointly submit to the court a status report and proposed agenda in a letter (limited to three pages) e-mailed to:

*ksd_vratil_chambers@ksd.uscourts.gov* and *ksd_ohara_chambers@ksd.uscourts.gov*.[4]

7.	The court also heard argument on a number of pending motions, including motions for resignation from the PSC and a motion for the establishment of a common benefit fund. Judge Vratil will set out her rulings on those motions in a separate order.

IT IS SO ORDERED.

---

[2] ECF doc. 80 at ¶4.c ("Unless otherwise agreed to by the parties, depositions may be attended only by counsel for defendants, attorneys designated in advance by the PSC, the deponent, the deponent's attorney, in-house counsel for the parties, court reporters, videographers, and any person who is assisting defendants or the PSC and whose presence is reasonably required by the attorneys attending the deposition.").

[3] *See* ECF doc. 14.

[4] ECF doc. 80 at ¶11.

Dated February 11, 2016, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge