UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ETHICON, INC., POWER MORCELLATOR PRODUCTS LIABILITY LITIGATION | MDL No. 2652 |
| (This Document Relates to All Cases) | D. Kan. No. 15-md-2652-KHV |

**MEMORANDUM IN SUPPORT OF RENEWED MOTION TO APPROVE ORDER ESTABLISHING AN ETHICONCOMMON BENEFIT FUND TOCOMPENSATE AND REIMBURSE ATTORNEYS FOR COSTS AND EXPENSES INCURRED AND SERVICES PERFORMED FOR MDL ADMINISTRATION AND COMMON BENEFIT**

Plaintiffs, by and through the Plaintiffs' Steering Committee (hereinafter "PSC") and Plaintiffs' Liaison Counsel, hereby submits the following Memorandum in Support of Renewed Motion to Approve an Order Establishing an Ethicon Common Benefit Fund to Compensate and Reimburse Attorneys for MDL Administration and Common Benefit Work in this Multi-District Litigation ("MDL").

## A. STATEMENT OF THE NATURE OF THE MATTER BEFORE THE COURT

The PSC seeks the Court's order to establish a common benefit fund to compensate and reimburse attorneys for costs and expenses incurred and services performed for MDL administration and the common benefit of MDL Plaintiffs.

## B. STATEMENT OF FACTS

1. This MDL was established on October 15, 2015 by order of the Judicial Panel on Multi-District Litigation ("JPML") and initial management was provided by this Court's October 16, 2015 Practice and Procedure Order Upon Transfer Pursuant to 28 U.S.C. § 1407(a).

2. The PSC was established by this Court's Order of November 19, 2015.

3. Since its creation, the PSC has been engaged in a number of administrative and substantive tasks including the ongoing negotiation of numerous case management and discovery orders with Defendants, creation of a document depository, and attended numerous status conferences.

4. The PSC as a group has also been engaged in significant ongoing work related to discovery, document review and retention of expert witnesses in several areas of specialty.

5. During the course of its work, the PSC has decided that it is appropriate at this time to seek a Court order directing the creation of a common benefit fund. As more fully discussed herein, a common benefit fund is designed to compensate attorneys for the work performed in the MDL for the common benefit of all plaintiffs and their counsel.

## C. QUESTION PRESENTED

The question presented is whether it is proper at this time to enter the common benefit order proposed by the PSC.

## D. ARGUMENT AND AUTHORITIES

### 1. The Court Possesses Inherent Equitable Authority to Establish a Common Benefit Fund

In MDL cases of this type, the MDL transferee Judge most often chooses to impose some organizational structure on attorney representation so the litigation can proceed efficiently. This is usually accomplished through the creation and appointment of a Plaintiffs' Steering Committee to perform work and speak for all of the plaintiffs and their lawyers. *See* Eldon E. Fallon, *Common Benefit Fees in MDL Cases* 74 La. L. Rev. 323 (2014). The PSC is then responsible for prosecuting the litigation and takes on numerous tasks including conducting document discovery, establishing document depositories, propounding written discovery, taking depositions, retaining expert witnesses and in some instances conducting

bellwether trials. The Plaintiffs' Steering Committee is also charged with fulfilling the specific duties set forth in the court's pretrial orders and appearing at court conferences and hearings. *Id.* at 373.

The work performed by the PSC consumes significant time and significant expense. Generally, the PSC is not compensated for its work on an ongoing basis but instead takes on its work assuming the full risk of non-payment for its efforts. Because the work of the PSC is undertaken for the benefit of all plaintiffs and their lawyers, MDL courts typically establish a procedure for creating a common benefit fee to compensate the PSC and other lawyers who have performed common benefit work. *Id.* Importantly, the common benefit fund never materializes unless the litigation is resolved through settlement, trial or judgment that results in payment by the defendant.

The creation of the common benefit fund is based on the "common fund doctrine" or "common benefit doctrine" that permits the creation of a common fund for the purpose of paying reasonable attorneys' fees. Under this approach, the funds are accumulated from those aligned with a successful litigant and not the settling defendant. The doctrine was most commonly employed in class action cases and has migrated to the area of MDL and mass tort cases. *Id.* at 375; *see In re Vioxx Prods. Liab. Litig.*, 802 F. Supp. 2d 740 (E.D. La. 2011); *In re Zyprexa Prods. Liab. Litig.*, 433 F. Supp. 2d 268, 272-73 (E.D.N.Y. 2006).

The common fund concept has its theoretical bases in equity and quantum merit. In the class action case context, the beneficiary is the claimant. However, in the MDL mass tort context, the beneficiary is the primary attorney (the counsel who has the underlying fee agreement with the claimant). As a result, the MDL common benefit fee comes from the fee of the primary attorney and not the claimant. Put another way, the MDL common benefit fee is not paid by the claimant but is instead paid by the primary attorney who was the

beneficiary of the common benefit work. *Id.* at 376. Courts have also based their use of the common fund doctrine on their inherent managerial authority over complex MDL cases. In such cases, courts have employed their power to manage a litigation to further appoint lead counsel and to craft a plan to compensate them for their work. *See In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1008 (5th Cir. 1977). The assessment of common benefit fees against other retained counsel who benefitted from the common work was found to be proper. *See* Fallon, *Common Benefit Fees in MDL Cases*, supra, at 377 (citing *In re Air Crash Disaster* at 1019-20); *In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524, 546-47 (3rd Cir. 2009); and *In re Genetically Modified Rice Litigation*, 2010 WL 716190 at 4 (E.D. Mo. 2010).

The Manual for Complex Litigation also provides guidance on this issue. *See* Manual for Complex Litigation (Fourth) §§14.121, 20.312 (2015). ("MDL judges generally issue orders directing that defendants who settle MDL-related cases contribute a fixed percentage of the settlement to pay national counsel."). The Manual points out that historically in complex cases "attorney fees were awarded from a common fund based on a percentage of that fund." *Id.* Presently, the majority of the federal circuits either allow or specifically direct district courts to use the percentage-fee method in common-fund cases. *Id.* (including citation to *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 459 (10th Cir. 1988)).

The common benefit doctrine is well-established as the basis for the payment of common benefit fees in MDL cases such as this. Accordingly, the PSC seeks the entry of a common benefit order based on the percentage-fee method.

2. **The Fee and Cost Percentages Set Forth in the Proposed Common Benefit Order are Fair and Reasonable**

The fee and cost percentages set forth in the proposed order are fair and reasonable when compared to similar cases and articulated guidelines. While there is not set formula for determining such percentages, the PSC has undertaken significant discussion and evaluation on the subject. Importantly, the PSC members represent the overwhelming majority of cases that will be subject to the proposed common benefit order and the proposed percentages were agreed on by a *unanimous decision* of the PSC after reasoned debate and analysis of the unique demands of prosecuting this litigation as compared to other MDL cases of recent years. The collective experience of the PSC in a large number of medical device cases – some against Ethicon – has been the most important resource in arriving at the proposed percentages for fees and costs. In addition, the PSC leadership engaged in significant debate on how to arrive at modified percentages for the cases settled soon after the creation of the MDL and appointment of the PSC.

MDL best-practice standards and guidelines suggest that as early as practicable in the litigation, consideration should be given to establishing the common fund to be employed in the event of settlement. *See MDL Standards and Best Practices*, Duke Law Center for Judicial Studies, MDL Standard 5 (Best Practice 5A), 53-54 (2014). These standards and guidelines also advocate the adoption of a common benefit order at the outset of the litigation and outline a recommended process for assessing each case in the MDL a specified percentage of the gross settlement. *Id.* at Best Practice 5B(i).

In arriving at the percentages in the proposed order, the PSC considered several factors including, among other things, the number of cases anticipated in the MDL and state courts, the complexity and cost of the proposed discovery plan, the reasonable values of various types of cases in the litigation, the litigation history of the defendant, the likelihood and timing

of any potential settlement and the percentages adopted and results obtained in other cases. Importantly, the PSC and Co-Lead counsel agreed at the outset that this will be a litigation with a smaller number of cases. Nonetheless, the litigation will be challenging and time-consuming against a very large, well-defended and well-funded Defendants.

**3. The Proposed Common Benefit Order Should Apply as of February 23, 2016 and Contains Proper Adjustments to Account for Early Resolutions.**

The Proposed Common Benefit Order should apply as of February 23, 2016 because there is legitimate reason why cases that resolve on February 23, 2016 or later should be subject to some level of common fund holdback. Rather than fully restate here the specific reasons set forth in the motion papers, the PSC incorporates herein by reference its motion.

To date, the PSC has negotiated numerous administrative and discovery Orders with Ethicon that have been entered by the Court, engaged in oral argument at numerous status conferences, designed and set up a document depository, reviewed numerous custodial files, noticed 2 depositions and requested 13 additional depositions to occur in March and April, and generated and retained numerous experts. And, certainly, the successful creation of this MDL and the assemblage of a capable PSC was the primary driver of recent settlements both as to their timing and amount and will remain so in future resolutions. As a result, there is no basis to argue that the resolved cases should have no obligation to the PSC pursuant to the proposed common benefit order. Instead, the recently settled cases should be subject to the common benefit order and its provisions that fairly and reasonably account for the recently settled cases.

## E. CONCLUSION

WHEREFORE, for the reasons set forth in this Memorandum and the accompanying Motion, the PSC, on behalf of all Plaintiffs, respectfully requests that the Court enter the proposed Common Benefit Order, effective February 23, 2016.