IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ETHICON, INC., POWER ) <br> MORCELLATOR PRODUCTS ) <br> LIABILITY LITIGATION ) <br> ) <br> ) MDL No: 2652 <br> ) <br> (This Document Relates to All Cases) ) <br> ) D. Kan. No. 15-md-2652-KHV <br> ) <br> _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Renewed Motion To Approve Order Establishing An Ethicon Common Benefit Fund To Compensate And Reimburse Attorneys For Costs And Expenses Incurred And Services Performed For MDL Administration And Common Benefit (Doc. #177) filed February 23, 2016. The Court received one objection to the motion from counsel for plaintiff Evanthia Kotis and minor plaintiff AK. See Memorandum In Opposition Of Renewed Motion To Approve Order Establishing An Ethicon Common Benefit Order (Doc. #195) filed March 8, 2016. For reasons stated below, the Court approves a common benefit fund.

In this multidistrict litigation, the Court approved an organizational structure which included a Plaintiffs' Steering Committee ("PSC") of 20 attorneys. See Order (Doc. #10) filed November 19, 2015. The PSC now asks the Court to approve a common benefit fund to compensate attorneys on the PSC for fees and expenses incurred in the MDL for the benefit of all plaintiffs and their counsel. An assessment or hold back on the amount of any settlement or case resolution would fund the proposed common benefit fund. The PSC proposes a graduated percentage to be paid to a common benefit trust account based on the date of settlement or case resolution as follows: six per cent for cases resolved before May 2, 2016, nine per cent for cases resolved on or after May 2, 2016 but before August 1, 2016, and 12 per cent for cases resolved on or after August 1, 2016. Under the proposed order, near the conclusion

of all cases, PSC attorneys could apply to the Court for distribution of fees to compensate for common benefit work.[1] The only objector does not contest whether a common benefit fund should be created to compensate PSC members, but argues that the PSC has not provided sufficient justification for the assessment percentages.

A number of courts have approved common benefit funds in MDL actions.[2] For substantially the reasons stated in the Memorandum In Support Of Renewed Motion To Approve Order Establishing An Ethicon Common Benefit Fund To Compensate And Reimburse Attorneys For Costs And Expenses Incurred And Services Performed For MDL Administration And Common Benefit (Doc. #178) filed February 23, 2016 and set forth below, the Court approves the creation of a common benefit fund.

**I.   Assessment Percentage**

The objector argues that the PSC has not provided sufficient information to evaluate whether the proposed percentage of 12 per cent for cases resolved on or after August 1, 2016 is fair and reasonable. The PSC correctly notes that at this stage, the Court must rely on predictions and cannot analyze precisely whether the percentage assessment reflects a fair and reasonable fee under the traditional factors set out in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). The proposed order contemplates that near the conclusion of this litigation, the Court will assess the

---

[1] The proposed order also permits PSC attorneys to request reimbursement of expenses on an ongoing basis.

[2] See, e.g., In re Zyprexa Prods. Liab. Litig., 594 F.3d 113, 128-30 (2d Cir. 2010) (Kaplan, J., concurring); In re Vioxx Prods. Liab. Litig., 760 F. Supp. 2d 640, 647-48 (E.D. La. 2010); In re Genetically Modified Rice Litig., MDL No. 1811, 2010 WL 716190, at *4 (E.D. Mo. Feb. 24, 2010); In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., MDL No. 1708, 2008 WL 682174, at *4-5 (D. Minn. Mar. 7, 2008).

reasonableness of fees under the lodestar method. In addition, the proposed order provides that after distribution of approved fees and expenses, any funds remaining will be reimbursed pro rata to contributing plaintiffs. The PSC has set forth a reasoned basis for an assessment of 12 per cent starting at a date after it has incurred substantial common benefit work.[3] While this amount ultimately may be higher than necessary to cover fees and expenses associated with common benefit work, the process of court approval of fees – combined with the return of any residual funds to contributing plaintiffs – ensures that any excess will not be a windfall to PSC members.

**II.     Dates For Increases In Assessment**

The objector does not dispute that increases in the assessment percentages are warranted as PSC members incur additional costs and expend additional hours for the common benefit of all plaintiffs. The objector argues, however, that the proposed dates for the incremental increases are not reasonably related to specific benefits which the PSC will provide. The Court agrees that the proposed dates for increases in the assessment percentage are not perfect indicators of when the PSC will confer additional benefits on the group or when the PSC will incur additional time or expenses. For example, the PSC has not shown why the assessment should increase by three per cent (from six per cent to nine per cent) on May 2, 2016, which is the deadline to serve deposition notices. It appears that the PSC will incur costs gradually over a period of time. To better reflect when the PSC incurs fees and expenses and the gradual nature of such costs, the Court finds that the common benefit order should include a more graduated scale in increases in the assessment as follows:

---

[3]     As set forth below, the Court adopts a sliding scale where the total assessment of 12 per cent applies only to cases settled or resolved on or after October 3, 2016.

| Date Of Judgment Or Case Resolution | Total Percentage Assessment |
|---|---|
| February 23, 2016 or after, but before May 2, 2016 | 6% |
| May 2, 2016 or after, but before June 1, 2016 | 7% |
| June 1, 2016 or after, but before July 1, 2016 | 8% |
| July 1, 2016 or after, but before August 1, 2016 | 9% |
| August 1, 2016 or after, but before September 1, 2016 | 10% |
| September 1, 2016 or after, but before October 3, 2016 | 11% |
| October 3, 2016 or after | 12% |

The PSC shall submit a proposed order which reflects the above assessments.[4]

**IT IS THEREFORE ORDERED** that the Renewed Motion To Approve Order Establishing An Ethicon Common Benefit Fund To Compensate And Reimburse Attorneys For Costs And Expenses Incurred And Services Performed For MDL Administration And Common Benefit (Doc. #177) filed February 23, 2016 be and hereby is **SUSTAINED in part**. **On or before April 26, 2016, the PSC shall submit a revised proposed Common Benefit Order consistent with the Court's rulings above.**

Dated this 21st day of April, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[4] In its motion, the PSC notes that Ethicon opposes retroactively applying the common benefit order to the date of the PSC's motion, i.e. February 23, 2016. See Doc. #177 at 1-2. Ethicon has not explained the basis for its objection and it did not file a memorandum on the issue. In addition, none of the attorneys for plaintiffs who settled after February 23 objected to this provision. Accordingly, the Court finds that the common benefit order should apply to all MDL cases settled or resolved on or after February 23, 2016.