IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ETHICON, INC., POWER MORCELLATOR ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> This Document Relates Only To ) <br> Barnett v. Ethicon, Inc., et al., ) <br> D. Kan. No. 15-9326-KHV ) <br> ) <br> _____ ) | MDL No. 2652 <br><br> (D. Kan. No. 15-2652-KHV) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion For Leave To File Exhibits In Support Of Their Motion For Summary Judgment Under Seal (Doc. #213) filed April 12, 2016. Defendants seek to file under seal certain medical records which contain identifying information and plaintiff's personal health information. For reasons stated below, the Court overrules defendants' motion.

Federal courts have long recognized a common-law right of access to judicial records. United States v. Apperson, No. 14-3069, 2016 WL 898885, at *6 (10th Cir. Mar. 9, 2016); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Crystal Grower's, 616 F.2d at 461-62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); Crystal Grower's, 616 F.2d at 461. The party seeking to overcome the presumption of public access must show that interests which favor non-disclosure outweigh the public interest in access to court proceedings and documents. See Apperson, 2016 WL 898885, at

*6; Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012).

Defendants have not satisfied their burden to show that the parties' interests in non-disclosure of medical information outweighs the public interest in access to the proceedings. The presumption of public access is particularly strong here because the Court will rely on the proposed sealed documents to determine the litigants' substantive legal rights. Apperson, 2016 WL 898885, at *6. For the public to fully understand this dispute and the court rulings, the public needs access to plaintiff's underlying medical records. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006) (strong presumption attaches where documents used to determine litigants' substantive legal rights); United States v. Cianfrani, 573 F.2d 835, 851 (3d Cir. 1978) (public confidence in judicial system cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms with record supporting decision sealed from public view); see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements"). The Court therefore overrules defendants' motion for leave to seal exhibits.

**IT IS THEREFORE ORDERED** that Defendants' Motion For Leave To File Exhibits In Support Of Their Motion For Summary Judgment Under Seal (Doc. #213) filed April 12, 2016 be and hereby is **OVERRULED**.

Dated this 4th day of May, 2016 at Kansas City, Kansas.

                                          s/ Kathryn H. Vratil
                                          KATHRYN H. VRATIL
                                          United States District Judge