**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE: ETHICON, INC., POWER ) <br> MORCELLATOR PRODUCTS ) <br> LIABILITY LITIGATION ) <br> ) <br> ) <br> (This Document Relates to All Cases) ) <br> ) <br> _____ ) | MDL No: 2652 <br><br> D. Kan. No. 15-md-2652-KHV |

## MEMORANDUM AND ORDER

In this multidistrict litigation, the Court approved an organizational structure which included a Plaintiffs' Steering Committee ("PSC") of 20 attorneys. See Order (Doc. #10) filed November 19, 2015. The Court also approved a common benefit fund to compensate attorneys on the PSC for fees and expenses incurred in the MDL for the benefit of all plaintiffs and their counsel. See Memorandum And Order (Doc. #217); Order Establishing An Ethicon Common Benefit Fund To Compensate And Reimburse Attorneys For Costs And Expenses Incurred And Services Performed For MDL Administration And Common Benefit ("CBO") (Doc. #228) filed May 2, 2016. All cases in this MDL have been resolved or remanded to the respective transferor courts. This matter is before the Court on Co-Lead Counsel's Stipulated Motion To Approve Payment Of Fees And Expenses From The Common Benefit Fund And To Reimburse Fees Pursuant To The Court's Modification Of The Common Benefit Order (Doc. #295) filed November 7, 2016. On December 15, 2016, the Court directed counsel to supplement the motion with information to allow the Court to evaluate the reasonableness of the fee award including billing statements with individual time entries. See Order (Doc. #299). On December 16, 2016, counsel filed a supplement. For reasons stated below, the Court overrules the motion to approve payment of fees and expenses, and directs co-lead counsel to file a renewed motion which addresses the following issues:

**1.     Compensation For Pre-MDL Work.**  The PSC has requested reimbursement for work as early as March of 2014, some 19 months before the creation of the MDL.  The PSC's motion to approve the creation of a Common Benefit Fund ("CBF") refers to the "anticipated" scope of necessary work, not the amount of past work.  <u>Renewed Motion To Approve Order Establishing An Ethicon Common Benefit Fund To Compensate And Reimburse Attorneys For Costs And Expenses Incurred And Services Performed For MDL Administration And Common Benefit</u> (Doc. #177) filed February 23, 2016 at 3.  Based on the order approving the creation of a CBF, the CBO and the parties' earlier memoranda and statements at status conferences, the CBO appears to apply only to work performed "in the MDL," <u>i.e.</u> no earlier than October 15, 2015.  <u>Memorandum And Order</u> (Doc. #217) at 1 (CBF compensates attorneys for work performed "in the MDL"); <u>Memorandum In Support Of Renewed Motion To Approve Order Establishing An Ethicon Common Benefit Fund To Compensate And Reimburse Attorneys For Costs And Expenses Incurred And Services Performed For MDL Administration And Common Benefit</u> (Doc. #178) filed February 23, 2016 at 2 (same); <u>Renewed Motion To Approve Order Establishing An Ethicon Common Benefit Fund To Compensate And Reimburse Attorneys For Costs And Expenses Incurred And Services Performed For MDL Administration And Common Benefit</u> (Doc. #177) at 2 (same); <u>Motion To Approve Order Establishing An Ethicon Common Benefit Fund To Compensate And Reimburse Attorneys For Costs And Expenses Incurred And Services Performed For MDL Administration And Common Benefit</u> (Doc. #83) filed December 31, 2015 at 2 (same); <u>see also</u> <u>Reply In Support Of Renewed Motion To Approve Order Establishing An Ethicon Common Benefit Fund</u> (Doc. #201) at 3 (assessment compensates "PSC for

the work required in this MDL").[1]

  **2.**  **Analysis Of *Johnson* Factors.**  In the order approving the CBO, the Court stated as follows:

> The PSC correctly notes that at this stage, the Court must rely on predictions and cannot analyze precisely whether the percentage assessment reflects a fair and reasonable fee under the traditional factors set out in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). *The proposed order contemplates that near the conclusion of this litigation, the Court will assess the reasonableness of fees under the lodestar method. In addition, the proposed order provides that after distribution of approved fees and expenses, any funds remaining will be reimbursed pro rata to contributing plaintiffs*. The PSC has set forth a reasoned basis for an assessment of 12 per cent starting at a date after it has incurred substantial common benefit work. While this amount ultimately may be higher than necessary to cover fees and expenses associated with common benefit work, *the process of court approval of fees "combined with the return of any residual funds to contributing plaintiffs" ensures that any excess will not be a windfall to PSC members*.

Memorandum And Order (Doc. #217) at 2 (emphasis added). The motion to approve fees and the proposed order contain no analysis of the reasonableness of the fees (time or rate).

In addition to the lack of discussion about the Johnson factors, the PSC has included many entries which appear insufficient under the CBO. For example, the PSC has included multiple entries for "document review" even though the Exhibit to the CBO states that such descriptions are insufficient. See CBO, Exhibit 1 (Doc. #228-1) at 9 ("Descriptions associated with 'document review' must contain sufficient detail to allow those reviewing the time entry to generally ascertain what was reviewed. For example, indicating the custodian, search query subject matters or number of document folders reviewed is the kind of description needed.").

---

  [1]  The CBO appears to contain at least three potential starting dates for reimbursement of fees and expenses: October 15, 2015 (when the MDL was created), November 18, 2015 (when the Court approved the creation of the PSC) and December 31, 2015 (when the PSC filed its initial motion for creation of a common benefit fund). In the renewed motion for fees, the PSC shall state a proposed starting date for common benefit work and the justification for the date chosen.

**3.     Distribution Of Any Remaining Funds.**  The order approving the creation of a CBF and the CBO states if the entire amount of the CBF is not used for approved fees and expenses, the money is returned to contributing plaintiffs.  <u>Memorandum And Order</u> (Doc. #217) at 2 (residual funds will be returned to contributing plaintiffs); CBO (Doc. #228) at 9 ("If any of the Expense Funds remain in the Fund after all of the Participating Cases have been resolved and dismissed, such remaining funds shall be reimbursed on a pro rata basis to all plaintiffs and claimants that paid a common benefit assessment, minus any reasonable administrative fees paid.").  In the renewed motion for approval of fees and expenses, co-lead counsel shall explain the specific entities or individuals who would receive any remaining funds in the CBF in the event that the Court approves fees and expenses in a total amount less than the balance of the CBF.

**IT IS THEREFORE ORDERED** that <u>Co-Lead Counsel's Stipulated Motion To Approve Payment Of Fees And Expenses From The Common Benefit Fund And To Reimburse Fees Pursuant To The Court's Modification Of The Common Benefit Order</u> (Doc. #295) filed November 7, 2016 is **OVERRULED**.

Dated this 3rd day of July, 2017 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge